### MILLER CO. v. HYMAN et al.
### No. 20558.

District Court, E. D. Pennsylvania.
June 2, 1939.

Stradley, Ronon & Stevens, of Philadelphia, Pa., for plaintiff.

I. Emanuel Sauder, of Philadelphia, Pa., for defendants.

KALODNER, District Judge.

Plaintiff seeks to recover damages from the defendant arising from the alleged sale of a defective machine by the defendant to the plaintiff.

Included among the items of damage claimed are payments to third persons for work, wages paid to plaintiff's employees, and items denominated "overhead" in the statement of claim.

Defendant filed what he calls a "motion for more specific statement of claim", demanding (a) That the plaintiff furnish him with dates as to various alleged payments and as to the times when various items of work were done as alleged in the statement of claim by third persons for the plaintiff; (b) That certain "lumping" charges be subdivided into their ultimate components; (c) That the plaintiff furnish an explanation or "breakdown" of the so-called items of "overhead."

It is assumed that the defendant files this motion under the provisions of Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. This rule says nothing about a motion for a more "specific" statement of claim, but does provide for motions for more definite statement of claim. Passing over this irregularity, however, I consider the motion upon its merits.

As to (a):

It is a fundamental rule of pleading that dates of the expenditure of monies claimed to be recoverable from the defendant or of a doing of work for the cost of which the defendant is charged to be liable be furnished in the plaintiff's pleading.

"For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter". Rule 9(f). The defendant's motion is therefore well taken with respect to those items as to which he complains that the time when the work was done and the time of payment were not set forth.

As to (b):

A statement of claim in an action for damages for breach of contract must set forth the specific items and cannot "lump" damages. Under Rule 12(e) matters in a statement of claim must be set forth with sufficient definiteness or particularity to enable defendant properly to prepare his responsive pleading. The statement should be self-sustaining and sufficiently definite to enable the Court to make the necessary calculations for which judgment could be entered in the event that the affidavit of defense subsequently filed would be held to be insufficient.

The statement of claim should be amended, therefore, with reference to the so-called "lumped" items.

As to (c):

The plaintiff's statement has set forth a number of items under the all-inclusive term "overhead." It must be

kept in mind that this is a motion for a more definite statement of claim and the only question is the sufficiency of the pleading.

The question as to whether "overhead" is recoverable in an action of this kind is not before me. It is interesting, however, to note that counsel on both sides have failed to present any authority dealing with the question of recoverability or nonrecoverability of "overhead."

To furnish the complete explanation and breakdown of the various "overhead" items apparently desired by the defendant would require the expansion of the pleadings to a point beyond that contemplated by the Rules. The principles on which pleadings are drawn do not contemplate such elaboration. If "overhead" items are a proper charge in the instant case—a matter upon which I express no opinion, because, as before stated, the question is not at issue—the defendant may well elicit under the discovery provisions of the new Rules the information which he desires. See Fried v. Warner Bros. Circuit Management Corporation, D.C., 26 F.Supp., page 603.

For the reasons stated, it is ordered that the plaintiff file a more definite statement of claim in which shall be set forth the dates required in the defendant's motion, and a particularization of the various "lumping" charges, said statement to be filed within 20 days from date; with 10 days' leave given to the defendant to answer after the amended statement has been filed. In other respects the defendant's motion is overruled.