## BUNGE NORTH AMERICAN GRAIN CORPORATION v. CONNECTICUT FIRE INS. CO. OF HARTFORD, CONN.

District Court, S. D. New York.

June 24, 1940.

Otto & Easterday, of New York City, for plaintiff.

Bigham, Englar, Jones & Houston, of New York City (George S. Brengle and Henry J. Bogatko, both of New York City, of counsel), for defendant.

MANDELBAUM, District Judge.

This is a motion for a bill of particulars, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Plaintiff has no objection to furnishing the particulars requested in Part I (B) (1), (4) (11) and (12); II (B) 1 and 2; III (A) and (B) of the demand for a bill of particulars.

I think, however, that in order for defendant properly to prepare its answer, it will be necessary for it to have more particulars than plaintiff has voluntarily offered to furnish. The complaint alleges, in general terms, that the action is brought upon an insurance policy to recover damages which occurred to various shipments of grain made by plaintiff during the period from December 10, 1937 to March 10, 1938. It appears from the moving affidavit that more than 300 shipments were made by plaintiff during this period and that the policy contains conditions with respect to the time for filing claims and bringing suit that possibly may form a defense to some or all of the shipments upon which plaintiff's claim is founded. I am of the opinion, therefore, that defendant, in order to prepare its answer, is entitled to have particulars which will clarify the complaint by showing the individual claims constituting the cause of action and thus enable it to set up whatever defenses it may have under the policies. The usual practice with respect to bills of particulars under the Federal Rules of Civil Procedure is aimed at discouraging applications for bills, and in most instances, if the complaint can be answered, defendant is left to his remedy by way of discovery and inspection. Here, however, the issues are complicated by plaintiffs attempted oversimplification of his cause of action and not only would it be unfair but it would probably result in confusion if defendant was forced to conduct his discovery proceedings upon the basis of such issues as might be framed by an answer to the complaint as it stands.

I shall therefore direct plaintiff to furnish the following particulars: I (A); I (B) (2) (3) (5) (7) (9) (13) and (15); II (A) (1); II (2) (B); the motion is otherwise denied. Submit order on notice.