## FLEMING v. ENTERPRISE BOX CO.

### Civ. A. No. 277-T.

District Court, S. D. Florida, Tampa Division.

Aug. 8, 1940.

George A. McNulty and Irving J. Levy, both of Washington, D. C., Geo. A. Downing, of Atlanta, Ga., and Bruce Aitchison, of Washington, D. C., for plaintiff.

Caraballo, Graham & Caraballo, of Tampa, Fla., for defendant.

WALLER, District Judge.

The Court is of the opinion that the complaint as such alleges ultimate facts and is sufficient as a complaint, but that the complaint does not contain sufficient information to enable the defendant to prepare its defense. The complaint alleges that the defendant "failed to pay many employees the wages required by the act", without stating the name of any employee, the number of employees, or the time within which the defendant

failed to pay any employee. It does not allege that the defendant failed to pay all employees. The complaint alleges that the defendant worked "employees" overtime without paying time and a half as required of it, but it fails to allege the names of the employees or the time or times when they were worked overtime. The complaint alleges that the defendant falsified its records, but it fails to say what records or in what particular, whether as to the time the employees were worked, or as to the amount received by the employees, or whether the record was falsified as to shipments to other states, or in what respect the said record was falsified. Counsel for the defendant strongly asserts that the defendant has no knowledge of any violation whatsoever of the act. If a foreman of the company had worked employees overtime without the knowledge of the officers of the defendant company; or it is conceivable that the information upon which the plaintiff has based his suit is untrue, then the question of the wages paid to any particular employee or the hours worked by him might easily become a question of fact. It is difficult to see, however, how the defendant could prepare its case for trial without the more definite information called for by the motion for bill of particulars, and as called for by Rule 12(e).

The Court does not consider the information as privileged. Evidence will have to be presented to sustain the allegations of the complaint at the appropriate time, and such evidence would not be privileged at that time. Therefore, it is not privileged now. The plaintiff is not required by said order to produce any confidential report of an investigator of the Federal Government.

It is argued that the employees might be subjected to intimidation and fear of recrimination, but should such an eventuality arise that situation could then be dealt with, but certainly there is nothing before the Court at this time as a basis for such assertion.

The purpose of the new rules is to arrive at the facts as quickly as possible. The Court fails to see any valid reason why the specific facts upon which the ultimate facts in the complaint are alleged should not be made available to the defendant or any reason why the plaintiff should seek to withhold the facts.

On Petition for Rehearing.

The Court having heretofore sustained the motion of the defendant to require the plaintiff to furnish a bill of particulars, and the plaintiff having filed a petition for rehearing, and the Court having considered the petition for rehearing, together with briefs of counsel for the respective parties, is of the opinion that the petition for rehearing should be, and the same is hereby, denied.

The Court is of the opinion, however, that the information sought in the third particular of defendant's motion, to-wit, "A description in detail of any shipments in interstate commerce to other states", is information within the knowledge of the defendant, and that the former order is hereby modified so as to relieve the plaintiff from furnishing a description in detail of any shipments in interstate commerce to other states, but that the said order shall in all other respects remain in full force and effect.

It is further ordered that the plaintiff furnish said bill of particulars in not less than thirty days from the date hereof and that a copy of such bill of particulars be furnished counsel for the defendant, and that the defendant shall plead to said complaint within fifteen days after the furnishing of said bill of particulars.