### UNITED STATES v. VAN WAGENEN-SAGER, Inc., et al.

District Court, N. D. New York.

Aug. 28, 1940.

Ralph L. Emmons, U. S. Atty., of Binghamton, N.Y. (John K. Carroll, Sp. Atty., of New York City, of counsel), for Government.

Melvin & Melvin, of Syracuse, N. Y. (Jerome K. Cheney, of Syracuse, N. Y., of counsel), for defendants Van Wagenen-Sager, Inc., Robert G. Van Wagenen and Julia Loan.

Paul R. Shanahan, of Syracuse, N. Y., for Caroline Smith.

BRYANT, District Judge.

Defendants, Caroline Smith and Julia Loan, move for dismissal of the indictment upon the ground that the Grand Jury considered evidence which violated the rights accorded them by the Fifth Amendment to the Constitution of the United States.

A Grand Jury was duly organized on the 2d day of April, 1940, and remained in session until discharged on or about May 20th, 1940. During April the Grand Jury considered alleged substantive violations of the Fair Labor Standards Acts, 29 U.S.C.A. §§ 201–219. As a result of this presentment, an indictment was filed on April 20th, 1940, against Van Wagenen-Sager, Inc., and Robert G. Van Wagenen, President of the Corporation. During the investigation of this matter defendants, Caroline Smith and Julia Loan, employees of the corporation, appeared as witnesses.

Later in the Term, somewhere about May 15, the Grand Jury investigated a charge that the corporation, its president and others had unlawfully conspired to violate the Fair Labor Standards Acts. Defendants, Smith and Loan, were not witnesses before the Grand Jury during this presentment. On or about May 20, 1940, an indictment was filed, charging the corporation, its president, Caroline Smith and Julia Loan with the crime of conspiracy. It is the contention of the defendants, Smith and Loan, that this indictment is void against them because they testified before the Grand Jury in its first investigation.

Defendants, Smith and Loan, support their motion for dismissal with affidavits stating that they were examined and required to testify upon subjects relating to, and material to, the charges contained in the conspiracy indictment without any knowledge and without being informed that the Grand Jury had under consideration any matter involving a criminal charge against them; that they were not advised of their constitutional privilege against self-incrimination; that they were not requested to sign a waiver of immunity and did not waive any of their constitutional rights. John K. Carroll, the Attorney representing the Government in this proceeding, under assignment from the United States Department of Justice, filed an affidavit in opposition. He avers that during March and April, 1940, he held frequent conversations with defendants, Smith and Loan, concerning the facts of the inquiry then under consideration and that during these conversations the defendants, Smith and Loan, were informed of their constitutional right to refuse to answer questions that would tend to incriminate them and that, on occasions, they did exercise this right by refusing to respond to certain specific queries; that prior to their appearance before the Grand Jury they were apprized of their constitutional privilege against self-incrimination; and that on their first appearance before the Grand Jury they were again reminded of their constitutional right and specifically advised of their right to refuse to answer any questions, the responses to which they might judge to be incriminating.

 The irreconcilable dispute in the affidavits alone necessitates a denial of the motion. Positive averments of a sworn officer of this court should not be over borne by uncorroborated statements of parties interested.

A study of the two indictments fails to show that their testimony on the prior presentment constituted the ground of their indictment in May. In fact, a reading of the two indictments leads toward a contra conclusion. Regardless of that, the right of these two defendants which they claim was invaded, was the privilege to refuse to answer any questions tending to incriminate them and nothing more. In their affidavits they do not in any manner deny knowledge of their constitutional rights. Neither do they set forth that the evidence was of such a nature as to incriminate them. They rely solely on the ground (which is denied) that the Government did not advise them of their rights. This is not sufficient.

Motion denied.