FLEMING, Administrator of Wage and Hour Division, v. CLEVELAND UNION TERMINALS CO.

Civil No. 20225.

District Court, N. D. Ohio, E. D.

Nov. 7, 1940.

George A. McNulty, of Washington, D. C., and William T. McKnight, of Cleveland, Ohio, for the Administrator.

Paul Lamb, of Cleveland, Ohio, for defendant.

JONES, District Judge.

The former ruling of the court briefly stated that the character of the charges made in the complaint called for more particularity. The degree of particularity was not, it is true, stated; but it was not intended that each instance of alleged violation or fraud be set forth in detail, but that concrete instances of wrongdoing should be set forth as facts supporting the charges. Thus, the defendant would be in position to respond and to prepare to meet the fact allegations. It is assumed that the plaintiff is in possession of facts supporting such instances, and no prejudice is apprehended to the plaintiff in requiring such particularity.

The complaint has been re-examined. The charges made are serious—violation of law and regulations, fraud, intimidation and deception. It seems to the Court that the complaint is in large part, but not entirely so, a blanket indictment of the defendant's conduct before the law. It charges misconduct of the defendant over stated periods of time, but it does not recite the specific instances upon which to base the charges. True, it is a civil action, not a criminal one, although power resides in the proper authorities to make it so. Clearly it seems that the defendant should be confronted at least with some few instances of the misconduct charged in the several respects, so that the defendant may prepare to respond and to defend. With this modification, the former ruling will be adhered to.

The pressure of court business is such that oral argument on the motion at this time is not feasible.