**FLEMING, Administrator, Wage and Hour Division, United States Department of Labor, v. DIERKS LUMBER & COAL CO.**

**Civ. No. 40.**

District Court, W. D. Arkansas, Hot Springs Division.

June 10, 1941.

MILLER, District Judge.

Plaintiff filed his complaint on April 7, 1941; summons was served on defendant on April 12, 1941, and on May 1, 1941, defendant filed its motion for a more definite statement or a bill of particulars. The complaint was filed under the provisions of Section 17 of the Fair Labor Standards Act of 1938, approved June 25, 1938, 52 Stat., 1060, 29 U.S.C.A. § 201 et seq., to enjoin the defendant from violating the provisions of Section 15(a) (1), 15(a) (2), 15 (a) (3), 15(a) (5) of the Act.

The motion points out the defects in the complaint complained of and the details desired in strict accordance with the terms of Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

There are certain well-established principles which apply generally to motions under Rule 12(e). In the case of Louisiana Farmers' Protective Union, Inc., v. Great Atlantic & Pacific Tea Company of America, Inc., et al., D.C., 31 F.Supp. 483, Judge Lemley of the Eastern and Western Districts of Arkansas collated the authorities sustaining these principles.

(1) The granting or refusal of a motion for a bill of particulars rests in the sound discretion of the court.

(2) Matters of evidence which a party will presumably introduce as establishing his case shall not be elicited or required by a motion for a bill of particulars.

(3) Ordinarily a bill of particulars will not be ordered as to matters that are peculiarly within the knowledge of the moving party.

(4) The scope of a bill of particulars should ordinarily be limited to such matters as are required to enable the moving party to prepare his responsive pleading and generally to prepare for trial.

Rule 8(a) (2) provides that the plaintiff shall make "a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled".

In Moore's Federal Procedure, Volume 1, page 553, it is said:

"What constituted good craftsmanship in pleading before the rules will continue to constitute good craftsmanship, but in ruling on the sufficiency of a pleading that is on the border-line, the court should consider:

Gerard D. Reilly, Sol., and Irving J. Levy, Asst. Sol., both of Washington, D. C., and Llewellyn B. Duke, Regional Atty., and Harry Campbell, Jr., Asst. Atty., both of Dallas, Tex., United States Department of Labor (Vernon C. Stoneman, of Washington, D. C., of counsel), for plaintiff.

Scott Wood and E. H. Wootton, both of Hot Springs, Ark., and Chas. E. Whittaker, of Kansas City, Mo., for defendant.

"(1) At what stage of the action is the objection raised?

"(2) Are the prima facie elements of the claim or defense stated?

"(3) If these are stated, is the statement fair notice to the adverse party?

"(4) Is it feasible to require more particularity?

"The Court should not feel bound by restrictive decisions to what constitutes facts, evidence or conclusions of law."

■ If a plaintiff has complied with Rule 8 in drafting his complaint he should not be met with a motion under Rule 12(e). Such motions are properly presented when the complaint is so vague or ambiguous or contains such broad generalizations that the defendant cannot frame an answer thereto. Mere conciseness and brevity is not the test, although conciseness and brevity is the very object the rules seek to attain. I am of the opinion that the framers of the rules did not intend to permit a plaintiff to subject a defendant to the various processes of the court without first stating definite facts upon which a judgment might be based. Of course, verbosity, redundancy and the pleading of evidence should be avoided, but what constitutes "a short and plain statement" must be determined by the type of case, the relief sought, the situation of the parties and whether it is desirable in obtaining speedy justice, that the plaintiff state with particularity his alleged claim. Claims may be of such a nature as to require particularity in statement without redundancy or verbosity. In considering such a motion the court should not be restricted by the mass of decisions as to whether a particular allegation is one of fact, evidence or law. Moore's Federal Practice, 2 year Supp., Volume 1, page 106.

■ I do not think that Rules 26–37 relating to depositions and discovery should supplant the requirement of pleadings sufficiently advising a defendant of the nature of the claim and enabling him to prepare his responsive pleading and generally prepare for trial.

■ The principles hereinbefore referred to are helpful, but each case must necessarily stand upon its own bottom, and the court should require pleadings that will "secure the just, speedy, and inexpensive determination of every action". Rule 1.

"All pleadings shall be so construed as to do substantial justice." Rule 8(f).

In Hughes Federal Procedure, Vol. 17, Sec. 19621, it is said: "It would seem, therefore, that the court should adopt a liberal viewpoint in determining whether the pleading actually does contain "a short and plain statement of the claim" and should not require that the pleading contain ultimate facts only. This seems to be the trend of the recent decisions."

The rules should not be so liberally construed as to destroy definiteness in pleading. A "short and plain statement" must be reasonably definite or it will not be plain. A speedy and just and inexpensive trial cannot be had merely upon the filing of a notice of claim and then resorting to the expensive and indefinite procedure of discovery and depositions. After the issues are joined the rules relating to discovery and depositions may be invoked effectively and properly in aid of both parties and for the purpose of obtaining admissions that will simplify the trial and obviate delay and expense.

The prayer of the complaint is as follows: "Wherefore, cause having been shown, plaintiff demands judgment enjoining and restraining defendant, its officers, agents, servants, employees and attorneys, and all persons acting or claiming to act in its behalf or interest from violating the provisions of 15(a) (1), 15(a) (2), 15(a) (3), and 15(a) (5), of the Act, both permanently and during the pendency of this action, and such other and further relief as may be necessary and appropriate."

Section 17 of the Fair Labor Standards Act gives the District Courts of the United States jurisdiction, for cause shown, subject to the provisions of Act of October 15, 1914, 38 Stat. 737, 28 U.S.C.A. §§ 381–383 to restrain violations of Section 15.

Rule 65(d) provides: "Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."

This is substantially U.S.C.A. Title 28, Section 383.

Section 11(a) of the Fair Labor Standards Act, Title 29, U.S.C.A. § 211, gives the plain-

tiff, as Administrator, or his designated representatives, the authority to investigate and gather data regarding the wages, hours and other conditions and practices of employment in any industry subject to the act. He or his representatives may enter and inspect the places and records, may question the employees and do anything which he or his representatives may deem necessary or appropriate to determine whether any employer has violated any provisions of the act.

It is difficult to conceive of a broader grant of inquisitorial powers than are contained in that section, and I assume that the plaintiff has exercised those powers before filing complaint.

Section 11(c) of the Act provides that every employer subject to the provisions of the act, or of any order issued by the Administrator, "shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder."

The Administrator, acting under authority of the act, has issued and promulgated certain regulations. A copy of the regulations is attached to the complaint. These regulations consist of a printed document containing seven pages. The regulations specify with great particularity the contents of the records required to be kept, the form of the records, the place and period for keeping records and also contains a definition of terms used in the regulations. They are designated as Title 29, Chapter 5, Code of Federal Regulations, Part 516.

The complaint alleges that the defendant is engaged in operating a lumber camp in Garland County, Arkansas, in the production, sale and distribution of lumber in interstate commerce; that it employs approximately 635 employees in and about its place of business in Garland county; that approximately 119 employees are engaged in logging operations and in processes and occupations necessary to the logging operations; that from October 24, 1938, through October 23, 1939, the defendant employed many of its employees for workweeks longer than 44 hours, and failed and refused to compensate the employees for their employment in excess of 44 hours in such workweek at rates not less than one and a half times the regular rates at which they were employed. The same allegation as to maximum hours and overtime is made for the period beginning October 24, 1939, through October 23, 1940. And it is alleged that many of the employees during that period worked more than 42 hours per week. The same allegation as to maximum hours and overtime is made for the period beginning October 24, 1940, and that the defendant has thus violated the provisions of Sections 7 and 15(a) (2) of the Act.

In paragraph 6 of the complaint the plaintiff alleges that beginning on or about October 24, 1938, and repeatedly thereafter, that the defendant had sold, shipped, delivered and transported and offered for transportation in interstate commerce from its place of business, goods produced in which many of its employees were employed in violation of Section 7 of the Act, and that by selling, shipping, etc., the lumber, the defendant has violated and is violating the provisions of Section 15(a) (1) of the Act.

In paragraph 7 the plaintiff alleges that on or about the 1st of December, 1940, the defendant discharged certain of its employees, and discriminated against certain of its employees, because they had filed complaints or caused to be instituted proceedings under the act, and were about to testify in such proceedings, and that by so discharging and discriminating against said employees the defendant has violated and is continuing to violate Section 15(a) (3) of the Act.

In paragraph 9 of the complaint the plaintiff alleges that during the period beginning October 24, 1938, and repeatedly thereafter, that the defendant has failed and refused to make, keep and preserve as prescribed by regulations, adequate records of the persons employed by it and of the wages, hours and other conditions and practices of employment maintained by it, in that the records fail to show adequately, among other things, the hours worked, each workday and each workweek, and that the defendant has thus violated and is violating Section 11(c) and 15(a) (5) of the Act.

In paragraph 10 the plaintiff alleges that since the effective date thereof the defendant has repeatedly violated the aforesaid provisions of the act.

There is no doubt that the plaintiff has full information as to the number of employees which it generally alleges worked

longer than the maximum hours, and which the defendant refused to compensate at rates not less than one and a half times the regular rates at which they were employed. In the regulations issued and promulgated by the plaintiff, hereinabove referred to, he defines "hours worked", "workday and workweek", "wage or wages", "employee" and "regular rate of pay".

Evidently, the plaintiff thinks that the defendant has violated in some respect such regulations, and that the hours worked are not in accordance with either the terms of the act or with the definitions promulgated by the plaintiff. The plaintiff knows, or is presumed to know, which of the employees are referred to in the complaint.

▮ The complaint alleges that approximately 119 of the employees were engaged in logging operations. I assume that it is thought that these employees have been required to work more than the maximum hours during the various periods complained of, and in order for the defendant to intelligently respond to the complaint, the plaintiff should allege the names of the employees, and the dates, and the nature and kind of work that they were doing in which they were required to work more than the maximum hours.

▮ If the plaintiff has information that the defendant has violated the law or the regulations issued by the Administrator in reference to the hours of employment and rate of pay, he must state in reasonable detail and in specific terms the acts of the defendant which are in violation of the law and regulations to the extent above set forth.

▮ Likewise, the names and addresses of the employees and the dates of the alleged discrimination by the defendant against them. I think that the defendant is entitled to the same definite information relative to these alleged discriminations.

▮ The regulations hereinbefore referred to specify in detail the records that are required to be kept. The complaint alleges that the records fail to show adequately, among other things, the hours worked each workday and each workweek with respect to many of its said employees. The defendant is entitled to know before filing an answer which of the employees are referred to and in what respect the records are inadequate. The records may be inadequate in the opinion of the plaintiff. They may be adequate in the opinion of the defendant. The court will finally determine whether they are adequate, and before undertaking to meet the allegation, the defendant is entitled to know in what respect the plaintiff claims the records are not adequate.

Those parts of the motion directed to paragraphs 5, 7 and 9 of the complaint are granted. Plaintiff may have exception.

▮ The part of the motion directed to paragraph 10 of the complaint is denied, for the reason that the allegation contained in that paragraph relates to allegations in paragraphs 5, 7 and 9. I do not construe the allegations in paragraph 10 as an attempt to state an independent claim, but it is merely a reiteration of the partial statement of the claim in the paragraphs hereinbefore referred to.

▮ It cannot be presumed that the defendant has violated the law. According to the complaint the defendant has hundreds of employees. It may have discharged some of them, and some of them may have worked more than the maximum hours. It is conceivable that some have not been paid in accordance with the terms of the act, but all of this information is in the hands of the plaintiff, and I think the plaintiff should be required, in all fairness, and in the interest of a "just, speedy, and inexpensive determination" of the cause to allege the specific acts complained of. Miller Co. v. Hyman et al., D.C.E.D.Pa., 28 F.Supp. 312; United States v. Van Wagener-Sager, Inc., et al., D.C.N.D.N.Y., 34 F.Supp. 736; Iroquois Oil & Gas Co. v. Hollingsworth et al., D.C.E.D.Ill., 1 F.R.D. 201; United States v. Schine Chain Theatres, Inc., et al., D.C. W.D.N.Y., 1 F.R.D. 205; Fleming, Adm'r Wage and Hour Division v. Enterprise Box Co., D.C.S.D.Fla., 36 F.Supp. 606; Fleming, Adm'r Wage and Hour Division v. Cleveland Terminals Co., D.C.N.D.Ohio, 36 F.Supp. 781. United States v. Griffith Amusement Co. et al., D.C.W.D.Okl., 1 F.R.D. 229.

▮ A similar motion was denied in the case of Jacobs, Acting Administrator of Wage and Hour Division v. Peavy-Wilson Lumber Company, Inc., D.C.W.D.La., 33 F. Supp. 206, 207, on the ground that the information sought by defendant was peculiarly within the defendant's knowledge, but in my opinion this is not a reason for denying the motion, especially where, as in the instant case, the plaintiff now has the necessary information or is entitled to obtain the same under his broad inquisitorial powers. I am of the opinion that the better

practice in such a case is to grant the motion. United States v. Griffith Amusement Co. et al., supra, and United States v. Schine Chain Theatres, Inc., et al., supra.

The remedy sought by plaintiff seeks to bring the defendant, in the operation of its business, under the jeopardy of punishment for contempt for violating a general injunction. In other words, the plaintiff is seeking to remove the defendant from the protection of the law of the land and require it, in the conduct of its business, to be governed by the terms of a general injunction issued by this court.

In United States v. Standard Oil Company, C.C., 173 F. 177–192, Circuit Judge Sanborn, in speaking for the court, said: "It is a grave and delicate task to determine the exact limits of the relief to which the government is entitled. The prohibition of the court must forbid the performance of the continuing and threatened illegal acts which have had, and are having, a direct and substantial effect to restrain commerce among the states and with foreign nations, and to continue the unlawful monopoly and all like acts which have the same effect. But it may not prohibit all possible violations of the law, and thus put the whole conduct of the defendant's business at the peril of a summons for contempt."

In the case of New York, New Haven Railroad v. Interstate Commerce Commission, 200 U.S. 361–404, 26 S.Ct. 272, 282, 50 L.Ed. 515, the court said: "The requirement of the act to regulate commerce, that a court shall enforce an observance of the statute against a carrier who has been adjudged to have violated its provisions, in no way gives countenance to the assumption that Congress intended that a court should issue an injunction of such a general character as would be violative of the most elementary principles of justice."

In the case of Lewis Publishing Company v. Wyman, C.C., 168 F. 756–760, District Judge Trieber said: "Even a decree, when broader than the case as stated in the bill, will be treated as granting only the relief asked for in the bill, and nothing more. Conway v. Taylor, 1 Black 603, 632, 17 L. Ed. 191; Sailors' Union v. Hammond Lumber Co. [9 Cir.], 156 F. 450, 85 C.C.A. 16. In New York, N. H. & H. R. R. Co. v. Interstate Commerce Commission, 200 U.S. 361, 404, 26 S.Ct. 272, 50 L.Ed. 515, it was held that, while a carrier adjudged to have violated the act to regulate commerce in a specific particular may be restrained from further violations of that act, it cannot be enjoined in general terms from violating the act in future in any other particular."

The statute, Title 28, U.S.C.A. § 383, requires that an injunction shall be specific in terms and shall describe in reasonable detail the act or acts condemned. Here the plaintiff asks that the defendant be restrained from violating certain sections of the National Fair Labor Standards Act, "both permanently and during the pendency of this action". If such relief is granted it must be granted because of specific acts, and, therefore, specific acts must be alleged as a basis upon which relief may be granted.

An order in accordance with this opinion may be presented by defendant after submission to counsel for plaintiff for approval as to form. Plaintiff will be given sixty days in which to elect to file amendments and to file same.