**ALDEN–ROCHELLE, Inc., et al. v. AMER-ICAN SOCIETY OF COMPOSERS, AU-THORS AND PUBLISHERS et al.**

District Court, S. D. New York.

Oct. 19, 1942.

Weisman, Celler, Quinn, Allan & Spett, of New York City (Milton C. Weisman and

158

Melvin A. Albert, both of New York City, of counsel), for plaintiffs.

Schwartz & Frohlich, of New York City (Louis D. Frohlich and Herbert P. Jacoby, both of New York City, of counsel), for defendant American Society of Composers, Authors and Publishers and others.

CONGER, District Judge.

Defendants, American Society of Composers Authors and Publishers, Gene Buck, Irving Berlin, Inc., and Carl Fischer, Inc., move (1) for an order under Rule 12(b), subd. 6 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, dismissing eight causes of action upon the ground that they fail to state claims upon which relief can be granted, in that it appears upon the face of the complaint that said causes of action are barred by the statute of limitations; (2) for an order under Rule 12(b), subd. 6 and Rule 12(f) striking from the first cause of action of the plaintiff, Randforce Amusement Corporation, all reference to certain payments made on behalf of four named theatres, for the reason that it appears on the face of the complaint that the recovery of damages resulting from said payments is also barred by the statute of limitations; (3) for an order under Rule 12(e) directing plaintiffs to serve a bill of particulars setting forth the dates upon which payments were made on behalf of each named theatre together with the amounts of such payments; and (4) for an order under Rule 12(f) striking from the complaint all reference to a certain consent decree in an anti-trust action instituted against the defendants by the United States, and all reference to a judgment in a criminal action entered on a plea of nolo contendere.

This is an action for an injunction restraining the defendants from continuing to engage in certain practices alleged to be in violation of the Sherman Anti-Trust Act and the Clayton Act, 15 U.S.C.A. § 1 et seq., and for treble damages allegedly incurred as the result of such practices. The plaintiffs are the operators of motion picture theatres in New York and vicinity. Defendants are an unincorporated association engaged in the licensing of the non-dramatic public performing rights in and to the copyrighted musical compositions of its members, and officers and members of such association. The substance of the complaint against the defendants is that they combined and conspired unlawfully to fix license fees which they charged the plaintiffs for the privilege of using musical compositions in conjunction with the public showing of motion pictures. These license fees were paid by the individual plaintiffs for and on behalf of approximately two hundred different theatres named in the complaint over a period of years, going back in one instance more than seventeen years. In accordance with the provisions of the anti-trust laws the plaintiffs now seek to recover as damages treble the amount of the fees.

The alleged damages were incurred when the license fees were paid, and with respect to eight causes of action pleaded on behalf of eight different plaintiffs, it appears upon the face of the complaint that the fees were paid more than six years ago. The same is true as to fees paid by another plaintiff on behalf of four theatres named in one other cause of action. These eight causes of action the defendants seek to dismiss and all reference to the payments made on behalf of the four theatres the defendants seek to have stricken out, claiming that recovery is barred by the six year statute of limitations prescribed in § 48 of the New York Civil Practice Act.

However, it appears from the papers on this motion that there are a large number of claims involved in this action with damages of over $600,000 prayed for. These claims in issue involve less than $1,000. It is also apparent from the papers and it was intimated on the argument that defendants contend that, in addition to the claims involved in this motion, many other claims and parts of claims are also barred by the statute of limitations and that a motion to dismiss for that reason will be made when and if a bill of particulars is served showing the dates when the payments were made. The motion for a bill of particulars will be granted and in the interest of economy of time and effort, I deny this motion without prejudice. I suggest that all the motions to dismiss be made in one application.

The motion for a bill of particulars is granted to the extent of directing the plaintiffs to furnish defendants with the dates upon which it is claimed payments of license fees were made on behalf of the various theatres named in the complaint, together with a statement of the amounts paid on each occasion. This information is necessary to enable the defendants properly to prepare a responsive pleading. It is apparent from a mere reading of the complaint

that many payments were made over six years ago and defendants are entitled to this information. Requests for similar information have been allowed in other cases. See Miller Co. v. Hyman, D.C., 28 F.Supp. 312; Mendola v. Carborundum Co., D.C., 26 F.Supp. 359; Bunge North American Grain Corp. v. Connecticut Fire Insurance Co., D.C., 1 F.R.D. 394.

Defendants motion to strike from the complaint all reference to a consent decree in an action by the United States against the defendants for alleged violation of the anti-trust laws, and to the judgment in a criminal action against the defendants obtained on a plea of nolo contendere is granted. Twin Ports Oil Co. v. Pure Oil Co., D.C., 26 F.Supp. 366. The case of Sinaiko Brothers Coal & Oil Co., v. Ethyl Gasoline Corp., D.C., 2 F.R.D. 305 is clearly distinguishable. In that case the decree was obtained after a trial of the issues. Under the Clayton Act, 15 U.S.C.A. § 16, such a decree was prima facie evidence against the defendant in a subsequent action for treble damages. As pointed out by Judge Goddard in the Sinaiko case, allegations as to such decree were clearly relevant. The rule is otherwise as to a consent decree and a judgment entered on a plea of nolo contendere before any testimony is taken.

The references to the consent decree and the plea of nolo contendere are unnecessary. Defendants may be prejudiced by their inclusion in the complaint. Plaintiffs insist that they are simply included for the purpose of showing the history and activity of the defendant. If they are competent for this purpose, they need not be pleaded. It is not necessary to plead all evidentiary matters. If the trial court considers these matters proper proof upon the trial, he may admit them even though not pleaded.

The plaintiff now further argues that these allegations are necessary in order to toll the statute of limitations. However, the plaintiff is not required to anticipate a defense of the statute of limitations. At any rate, the very language of the allegations indicates that they are not interposed for that purpose.

If the plaintiffs regard it of sufficient moment, they may amend the complaint by a simple allegation that the running of the statute was suspended by reason of an action instituted by the United States under the anti-trust laws and that such action was commenced on a certain day and ended on a certain specified day. The same applies to the criminal proceeding.

The motion to dismiss is denied without prejudice as is the motion to strike from the first cause of action of the plaintiff Randforce Amusement Corp. all reference to payments made on behalf of four named theatres. The motion for a bill of particulars is granted to the extent indicated. The motion to strike all references to the consent decree and to the judgment entered on a plea of nolo contendere is granted with leave to amend.

Settle order on notice.