WALLING, Adm'r of Wage and Hour Division, U. S. Dept. of Labor, v. FAIRMONT CREAMERY CO.

No. 12571.

Circuit Court of Appeals, Eighth Circuit.

Dec. 2, 1943.

Hugh McCloskey, Atty., U. S. Department of Labor, of Washington, D.C. (Douglas B. Maggs, Sol., and Bessie Margolin, Asst. Sol., both of Washington, D. C., and Kenneth P. Montgomery, Regional Atty., of Chicago, Ill., on the brief), for appellant.

Leonard A. Flansburg, of Lincoln, Neb. (Charles H. Flansburg, of Lincoln, Neb., and M. S. Hartman, of Omaha, Neb., on the brief), for appellee.

Before SANBORN and RIDDICK, Circuit Judges, and DELEHANT, District Judge.

RIDDICK, Circuit Judge.

The administrator of the Wage and Hour Division of the Department of Labor brought this action to enjoin The Fairmont Creamery Company, a corporation, from violating the provisions of Section 15(a) (1), 15(a) (2), and 15(a) (5) of the Fair Labor Standards Act of 1938, 29 U.S.C.A.

§ 201 et seq. Proceedings in the district court terminated in a summary judgment in favor of the creamery company and the administrator has appealed.

In the complaint the administrator charged that the company, a Delaware corporation maintaining places of business in Nebraska and six other States, was engaged in the production for commerce and in the sale and distribution in commerce of dairy products, including butter, milk, cream, and ice cream, and in the production for and distribution in commerce of poultry products, frozen and fresh fruits and vegetables, flour, sugar, and cheese, and in the activities and processes necessary to these operations. It was alleged that the company had, from the effective date of the act, paid many of its employees less than the minimum wage required by Section 6 of the act; had failed to pay many of its employees for overtime one and one half times the regular wages at which they were employed, in violation of Section 7 of the act; had sold and transported in interstate commerce goods produced by employees employed at wages prohibited by the act; and had failed to keep, as required by the regulations of the administrator, adequate records of its employees, their hours of work, wages, and conditions of employment, and had caused inaccurate entries to be made in its records, contrary to Section 11(c) of the act. In each of the instances mentioned the administrator charged that the company had violated and was violating the relevant provision of Section 15 of the act.

On the ground that the allegations of the complaint were so vague and general that it was unable to determine what specific violations of the act the administrator intended to charge, and, for that reason, was unable to plead to or defend the action, the company asked and was granted a bill of particulars over the strenuous objections of the administrator. In response to the order for a more particular statement, the administrator set out details concerning the employment of 125 employees, stating, however, in the bill that the particulars submitted were intended to be representative of other violations of the act of which the company was guilty, and reserving the right to submit proof of other violations after issue had been joined. The administrator alleged that the company had, from the effective date of the act, violated its provisions with reference to minimum wages, overtime, and the keeping of records in the cases of all of the 125 employees named in the bill of particulars, and that with reference to 51 of the named employees the violations were still continuing. The dates of the beginning and end of the period of noncompliance for each employee named were set out. In each instance it appeared that the period of noncompliance ended before the original complaint was filed. The court struck out of the bill the administrator's attempted reservation of the right to prove at the trial violations of the act with respect to employees not named in the bill, but reserved to the administrator the right to amend his complaint for that purpose. No amendments were offered. The administrator stipulated that no attempt would be made by him to enjoin shipments in interstate commerce. The court ordered that no evidence of such shipments would be received at the trial, and the issue on that point disappeared from the case.

At this stage in the proceeding the company presented a motion to dismiss the complaint as amended by the bill of particulars on the ground that it did not state a claim upon which relief could be granted. Before any action of the court on the motion to dismiss, the company moved for a summary judgment. Both parties filed affidavits. The grounds advanced for this motion were that the complaint as amended charged only past violations of the act, of which the most recent had occurred several months prior to the bringing of the suit, and that it conclusively appeared from the pleadings and the affidavits filed by the parties on the motion that the violations charged, if they occurred, were not willful but resulted from the difficulty of interpreting the act and applying it to the company's business; that there was no probability of recurring violations of the act on the part of the company; that the company had entered upon full compliance with the act; and that many of the company's employees were exempt from the provisions of the act with reference to the payment of overtime wages.

The case was submitted to the court on the motion to dismiss and the motion for summary judgment. The court found (1) that the violations of the Fair Labor Standards Act charged in the complaint as amended, if they occurred, were not willful, but were caused by the difficulty of interpreting the act with respect to the company's business; (2) that there was no probability of other or future violations of the act upon the part of the company;

(3) that beginning in 1940 (prior to the bringing of the suit) the company adopted the policy of placing all of its employees under the Fair Labor Standards Act; (4) that the company had at all times honestly endeavored to comply with the law; and (5) that great numbers of the company's employees were clearly exempt from the act. The court construed the complaint to charge only past violations of the act, and to show that the most recent of the alleged violations occurred, if at all, approximately four months prior to the bringing of the suit, and others, years before the bringing of the suit. The court concluded that an order enjoining the company as to future violations would be "unwarranted and would serve no function or purpose." On these findings and conclusions it was ordered "that the motion of the defendant to dismiss the complaint, and defendant's motion for summary judgment, be sustained, and judgment for the defendant entered accordingly." The administrator assigns error (1) in granting the motion for a bill of particulars, (2) in sustaining the motion to dismiss, and (3) in granting the summary judgment in favor of the defendant company.

 There is no merit in the first assignment of error. A bill of particulars, if necessary to enable a party to prepare a responsive pleading or to prepare for trial, is expressly authorized by Rule 12(e) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Orders granting or refusing bills of particulars, in the absence of a showing of an abuse of the court's discretion, will not be reviewed on appeal. Harper v. Harper, 4 Cir., 252 F. 39; Alaska Steamship Company v. Katzeek, 9 Cir., 16 F.2d 210. The district courts in actions for injunctions under the Fair Labor Standards Act have allowed bills of particulars in cases involving complaints in all essentials like the one in the present case. Compare Fleming v. Mason & Dixon Lines, Inc., D.C., 42 F.Supp. 230; Fleming v. Cleveland Union Terminals Company, D.C., 36 F.Supp. 781; Fleming v. Enterprise Box Company, D.C., 36 F.Supp. 606; Fleming v. Southern Kraft Corporation, D.C., 37 F.Supp. 232; Fleming v. Dierks Lumber & Coal Company, D.C., 39 F.Supp. 237. In the present case the complaint disclosed on its face that the company, with several thousand employees, was engaged at numerous points in seven states in operations in which employees are, on certain conditions, exempt from some of the provisions of the Fair Labor Standards Act. See Section 7(c) of the Act, 29 U.S.C.A. § 207(c). Moreover, it is difficult to see that the allowance of a bill of particulars, even if improper, could constitute reversible error.

 If the court by its judgment in this case intended to hold that the complaint as amended by the bill of particulars did not state a claim upon which the relief sought could be granted, because only past violations of the act were alleged, we can not agree. For, conceding without deciding that the court's construction of the complaint was correct, there remained for decision the question of whether an injunction should issue, restraining the continuance or recurrence of the same or related violations, a question which could not be decided except upon evidence showing the circumstances in which the violations proved were made, and the probability or improbability of their repetition. We agree, as the court held, that in suits for injunctions under the Fair Labor Standards Act the court has a discretion in granting or refusing injunctions in the cases in which violations charged and proved occurred prior to the bringing of the suit and in which no reasonable probability of other violations appears. But it does not follow, on a motion to dismiss, that an injunction is never warranted where only violations occurring prior to the institution of the suit are alleged. Especially is this true in a case where a statutory injunction is sought by an administrative agency of the Government, charged with the interpretation and enforcement of the statute in question. See and compare Fleming v. National Bank of Commerce of Charleston, D. C., 41 F.Supp. 833; Walling v. T. Buettner & Co., 7 Cir., 133 F.2d 306, 308; Walling v. Shenandoah-Dives Mining Co., 10 Cir., 134 F.2d 395, 397; Fleming v. Jacksonville Paper Company, 5 Cir., 128 F.2d 395, 399; and Walling v. Haile Gold Mines, Inc., 4 Cir., 136 F.2d 102, 104. However, it does not clearly appear from this record that the court sustained the motion to dismiss on the grounds discussed. Apparently the court based its decision in the case on the pleadings, and the affidavits supporting and opposing the motion for summary judgment, and, on the showing made by the pleadings and the affidavits, granted a summary judgment in favor of the company, dismiss-

ing the action. In this view of the case the court's ruling on the motion to dismiss is without significance.

The serious question on this appeal is whether the court properly granted the summary judgment. Rule 56(c) of the Rules of Civil Procedure provides that a summary judgment shall be granted "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." On a motion for a summary judgment the burden of establishing the nonexistence of any genuine issue of fact is upon the moving party, all doubts are resolved against him, and his supporting affidavits and depositions, if any, are carefully scrutinized by the court. The object of the motion is to separate the formal from the substantial issues raised by the pleadings, and the court examines evidence on the motion, not to decide any issue of fact which may be presented, but to discover if any real issue exists. Toebelman et al. v. Missouri-Kansas Pipe Line Co., 3 Cir., 130 F.2d 1016, 1018. When affidavits are offered in support of a motion for summary judgment, they must present admissible evidence, and must not only be made on the personal knowledge of the affiant, but must show that the affiant possesses the knowledge asserted. When written documents are relied on, they must be exhibited in full. The statement of the substance of written instruments or of affiant's interpretation of them or of mere conclusions of law or restatements of allegations of the pleadings are not sufficient. Rule 56(e), Rules of Civil Procedure; 3 Moore's Federal Procedure Under the New Rules, p. 3175 et seq. On appeal from an order granting a defendant's motion for summary judgment the circuit court of appeals must give the plaintiff the benefit of every doubt. Ramsouer v. Midland Valley Railroad Company, D.C., 44 F.Supp. 523, 526; Weisser et al. v. Mursam Shoe Corporation et al., 2 Cir., 127 F.2d 344, 346; McElwain v. Wickwire-Spencer Steel Company, 2 Cir., 126 F.2d 210.

The affidavit of the company's president in support of the motion for summary judgment discloses that, for more than two years after the effective date of the act, the company employed the majority of its employees on a weekly salary basis, without regard to hours worked in any week, due to an admittedly erroneous interpretation of the Fair Labor Standards Act. On the discovery of this error, this affiant states that the company entered into new contracts with its salaried employees under which an hourly wage was agreed upon, a minimum weekly salary guaranteed, and one and one-half times the regular wage was paid for overtime. Affiant deposes that the contract was, in all respects, in accord with that approved by the Fifth Circuit in Fleming v. A. H. Belo Corporation, decided June 27, 1941, 121 F. 2d 207, and affirmed by the Supreme Court, Walling v. A. H. Belo Corporation, 316 U. S. 624, 62 S.Ct. 1223, 86 L.Ed. 1716. This arrangement continued until the opinion of this court in Carleton Screw Products Company v. Fleming, 8 Cir., 126 F.2d 537 (decided before the Belo case was affirmed by the Supreme Court), was rendered. The decision in the Carleton case caused the company to question the sufficiency of its second contract as a compliance with the act, at least in the Eighth Circuit. For this reason a third contract was entered into between the company and its employees, placing all employees upon a regular hourly wage with time and a half for overtime, with the exception, to quote the words of the affidavit, "of those clearly exempted as executives, superintendents, etc., or in isolated cases, retail storekeepers or employees trucking in interstate commerce, or in instances where the character and kind of employments are in no way referred to as any of the employments set forth in the bill of particulars, and where no question of interpretation or of doubt is or can exist." The affidavit continues to recite "that a few only of those referred to in the bill of particulars were considered by the Company as not coming under the law because of some other exemption or reason."

In a second affidavit the same officer of the company disclosed that the administrator challenged the validity of appellee's contracts with its employees and denied the negotiation of the third agreement prior to the commencement of the action. A third affidavit of the same affiant and two of his counsel recited the negotiations between the parties prior to suit and makes a substantial showing of the good faith of the company in the difficult task of interpreting the act and applying it throughout its extensive organization.

Tested by the rules discussed above, the affidavits on behalf of the company were not sufficient to warrant a summary judgment in its favor.

The primary issue is whether the company was guilty of violations of the Fair Labor Standards Act in circumstances which would require or justify an order of the district court enjoining them. The statements in the affidavits that the company had entered upon full compliance with the Fair Labor Standards Act were not statements of fact admissible in evidence, but conclusions of law upon facts not revealed. They can have no more probative force than the same averment in an answer could have. The assertion that the company was in full compliance with the law at the time of the bringing of the suit is a qualified assertion, excepting from its reach certain employees which the company considered to be exempt from the provisions of the act. The issue, however, upon the question of the company's compliance with the law was for the court upon the relevant evidentiary facts which the affidavits do not reveal. A trial of the case may show that the company was correct in its conclusions, but the point is that the court was without admissible evidence upon which to decide the issue. The affidavits of the company's president contain an admission that violations of the act continued for more than two years after its effective date. That these violations are asserted to have resulted from an interpretation of the act, erroneously but honestly made, is not conclusive upon the issue here. Overnight Motor Transportation Company, Inc., v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682. The affidavits show that after the discovery of its error the company endeavored to comply with the law, first, by entering into contracts which, in its opinion, complied with the Belo case, supra, and later by contracts intended to remove all doubts concerning the company's compliance, but these contracts, which were in writing, are not exhibited with the affidavit as required by the Rules of Civil Procedure. The court is asked to rely upon the company's conclusion that the contracts relied on met the requirements of the act. And, in this connection it should be noted that the last contract, according to the affidavit of the company's president, was entered into because of the decision of the court in Carleton Screw Products Company, supra, which was decided on March 20, 1942. The present action was commenced on February 9, 1942. Even under the company's own affidavits, one of the contracts which it thought necessary to adopt in order to comply with the law and upon which it now relies was not adopted until after the present action was instituted. Another issue raised by the complaint was whether the company in keeping its records conformed to the regulations of the administrator. On the motion for summary judgment that issue seems to have escaped attention. The affidavits of both parties are silent upon it.

On the showing made on the pleadings and affidavits on the motion for summary judgment the company was not entitled to judgment as a matter of law.

The judgment appealed from is reversed, and the case remanded with directions to reinstate the complaint and for further proceedings not inconsistent with this opinion.