## RICHARD PAUL, Inc., v. UNION IMPROVEMENT CO.
### Civil Action No. 284.

District Court, D. Delaware.

Feb. 25, 1944.

W. Thomas Knowles (of Knowles & Allmond), of Wilmington, Del., for plaintiff.

Thomas M. Keith and Leighton S. Dorsey, both of Wilmington, Del., for defendant.

LEAHY, District Judge.

Defendant says the complaint fails to state a claim upon which relief can be granted. The complaint alleges the parties executed a lease on May 11, 1942, for certain property in Wilmington to be used by plaintiff in its business. Plaintiff was to have possession on June 1, 1942. Plaintiff claims final possession was not acquired until September 15, 1942. Special and general damages are said to have been sustained between the period of June 1 and September 15, 1942. In the alternative, the complaint further alleges if there has been no breach of condition for delivery of possession on June 1, 1942, in accordance with the specific terms of the lease, then plaintiff claims a breach of implied covenant of quiet enjoyment from

June 1 to September 15, 1942, and claims as damages the costs of repairing the heating and plumbing system and cleaning the premises.

■ I. The lease recites that previous to May 11, 1942, defendant had rented or agreed to rent to a third party the third floor of the demised premises. Paragraph 5 of the complaint alleges: "It thereupon became the duty of the defendant to comply with certain ordinances of the City of Wilmington, relative to building regulations, the defendant having changed or altered the nature of the building from a one occupant building to a two occupant building, said ordinance of the City of Wilmington being specifically set forth in Exhibit B hereto annexed.", which provisions of the Revised Code of Wilmington of 1942 are specifically referred to. Whether plaintiff will adduce sufficient facts at trial to bring its allegation within the city ordinances is not now before me. In answer to defendant's contention that the allegation is not only a conclusion of law but is also an erroneous conclusion of law, it is impossible to test the applicability of the city ordinances until all of plaintiff's evidence is disclosed. Plaintiff is not required to plead his evidence. He has alleged the ultimate fact of the ordinance violation as a result of alterations changing the leased premises from a one occupant building to a two occupant building. The allegation is sufficient. In reaching this conclusion I suggest the possibility that at trial it may appear that all evidence in support of this allegation will be irrelevant. However, one of the reasons I am permitting the pleading to stand is to give plaintiff the opportunity to show, if it is possible, the causal connection of the alleged violation of the ordinance with the breach of the covenants in the lease.

■ II. The lease provides: "3. The Lessor agrees to renovate and put in order the present heating and plumbing system, and the elevator, and immediately after the execution of this Lease, further agrees to spray with lime the interior of the premises herein demised; to replace all broken glass; and to make such other minor repairs as are necessary to the interior of the premises herein demised, provided, however, that if the costs of the repairs set out in this paragraph exceed the sum of Twelve Hundred Dollars ($1200.00), the Lessee will pay one-half of the costs in excess of the sum of Twelve

Hundred Dollars ($1200.00), but it is mutually agreed and understood that the aforesaid repairs shall in no case exceed the sum of Eighteen Hundred Dollars ($1800.00). Lessor also agrees to keep the roof of the premises in repair." Defendant argues that the covenant to make specified repairs was independent and, as there is nothing in the nature of such repairs to indicate that non-performance would in any way interfere with plaintiff's possession on June 1, 1942, defendant had a reasonable time in which to make the repairs. Here, again, is a fact situation. Whether the lack of repairs interfered with plaintiff's possession on June 1, 1942, or disturbed the quiet enjoyment of the premises between June 1 and September 15, 1942, are matters which must be shown at trial.

■ III. Paragraph 7 of the complaint alleges that shortly after June 12, 1942, the Building Inspector of the City of Wilmington condemned the building as a fire hazard. Defendant argues that the breach for failure to deliver possession, if it occurred, took place on June 1, 1942; hence, no act subsequent to that time can be considered as showing the breach. This is one more matter which must await trial. As plaintiff rightly says, it may be shown by its proofs that if defendant had acted lawfully in attempting to procure a permit for alterations prior to June 1, 1942, the Building Inspector would have condemned the property prior to June 12, or at least informed defendant of what particular repairs would relieve the premises of condemnation.

■ IV. Defendant challenges plaintiff's allegations as to expenditures for repairs as insufficient. Dates of the expenditures of monies claimed to be recoverable from a defendant or of work done for the cost of which a defendant is charged to be liable should be furnished by a plaintiff. However, the method of obtaining such information is not, as here, by a motion to dismiss the complaint. Rule 12(e), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, should have been utilized. Miller Co. v. Hyman, D.C., 28 F.Supp. 312, 313.

In conclusion, it appears that plaintiff has stated throughout a claim based upon alternative theories. It relies either on a breach of condition for failure to deliver possession on the stipulated day, or a breach of condition for quiet enjoyment.

374

Accordingly, defendant is notified of the issues it must meet. In the interim, if the matters which defendant has denominated as defects in pleading (but which are, in fact, evidentiary material) are necessary for defendant's preparation for trial, if it will heed the admonition found in Best Foods v. General Mills, D.C.Del., 3 F.R.D. 275, 278, it may avail itself of the proper methods of obtaining pre-trial discovery.