## A. B. DICK CO. v. MARR.

United States District Court
S. D. New York.

April 13, 1949.

100

Robert Byerly, New York City (Charles A. Horsky, Washington, D.C., John T. Haslett, Chicago, Ill., Ralph M. Watson, New York City, William F. Collins, Oklahoma City, Okla., of counsel), for plaintiff.

Edward D. Bolton, New York City, for defendant Marr.

KNOX, Chief Judge.

Plaintiff's motion to strike portions of defendant's petition of December 17, 1948 is denied.

Plaintiff, it appears, is particularly concerned with allegations contained in paragraphs 3 and 33 to 36.

■ These latter portions of Marr's petition recite the history of the criminal and civil actions instituted against Dick in Ohio, and the disposal of those actions by a plea of nolo contendere, and a consent decree, respectively. Dick objects that neither the plea nor the decree is evidence in this proceeding, and are therefore improperly averred.

Ordinarily, the rule announced in Alden-Rochelle, Inc., v. American Society of Composers, etc., D.C.N.Y.1942, 3 F.R.D. 157, with respect to the Ohio transactions, would be followed, but in this proceeding, I am of opinion that the rule is inapplicable. The above mentioned actions may possibly play an important role in the history of the issue about to be tried, and there is no reason apparent why the trial judge should not be aware of them. In Root Refining Co. v. Universal Oil Products Co., 3 Cir., 1948, 169 F.2d 514, the Court did not blind itself to the fact that Judge Davis had been indicted.

Thus, for the moment, the allegations to which Dick objects should stand until the trial judge decides whether or not evidence in connection therewith is properly admissible on the theory that, as was said in a recent reorganization case, the court "may take for its own use evidence no party would have a right to force upon it." Comstock v. Group of Institutional Investors, 1948, 335 U.S. 211, 227, 68 S.Ct. 1454, 1462, 92 L.Ed. 1911.

■ Paragraph 3 alleges that plaintiff conspired to restrain trade and to monopolize, and did restrain trade and monopolize, and that, pursuant to such purpose, it conducted oppressive patent litigation by predatory means and forced competitors to enter into consent decrees and other restrictive arrangements, by concealing and fraudulently suppressing evidence. It is here contended that this paragraph is "impertinent and immaterial." Rule 12, Federal Rules Civil Procedure, 28 U.S.C.A. While the conclusory form of the paragraph may not represent the best form of pleading, the allegations do contain an offer of proof of which the trial judge may wish to avail himself, especially so in a proceeding such as this. 2 Moore's Federal Practice, 2d ed., 2317.

■ Paragraph 30 alleges that Dick surreptitiously induced one Hugo Schlatter, a chemical expert hired by Marr, to assist in the defense of this litigation, to leave the

employ of Marr and enter the employ of Dick. Dick charges that this allegation is irrelevant, and was put at rest by Judge Patterson's original decision in this suit. At this juncture, it can not be determined that the allegations are impertinent and irrelevant. It must be remembered that respondent's prosecution of the instant case may have been a 'fraud upon the courts. For this reason, I think a "law of the case" argument can not be entertained.

Other paragraphs are objected to on the ground that they are repititious of the Government's "Notice of Issue and Facts Bearing Thereon To Be Presented By United States, Amicus Curiae," and because they are said to be immaterial, lengthy, immaterial, and argumentative. On all these points I hold against the movant.

Motion denied.