## CASCO PRODUCTS CORPORATION v. SINKO TOOL & MFG. CO.

No. 15337.

District Court, N. D. Illinois, E. D.
July 5, 1939.

## FISCHBACK v. SOLVAY PROCESS CO.

No. 220.

District Court, N. D. New York.
Sept. 19, 1939.

Wilkinson, Hyxley, Byron & Knight, of Chicago, Ill., for plaintiff.

Chritton, Wiles, Davies, Hirschl & Dawson, of Chicago, Ill., for defendant.

584

HOLLY, District Judge.

In this action plaintiff charges defendant with infringing patents No. 1,376,154, Morris; No. 1,620,548 Hammond; No. 1,657,189, Bain; No. 1,763,343 Cohen; and No. 1,944,925, Cohen. None of these patents is covered by the license agreement mentioned in case No. 15336. In none of the patents, with the possible exception of Morris No. 1376,154, is invention disclosed. There appears nothing more in these patents than the result of patient experiment by persons skilled in the art desiring to produce a more efficient or commercially valuable article. Altoona Publix Theatres v. American Tri-Ergon Corporation, 294 U.S. 477, 55 S. Ct. 455, 79 L.Ed. 1005; Fink v. V. Foscale Inc., 2 Cir., 79 F.2d 842; Vulcan Corp. v. Slipper City Wood Heel Co., 6 Cir., 89 F.2d 109; Ruben Condenser Co. v. Aerovox Corp., 2 Cir., 77 F.2d 266; Richardson Co. v. Hood Rubber Co., 1 Cir., 22 F.2d 501.

The Morris patent shows what appears to be the pioneer effort to produce a wireless electric cigar lighter. It consisted of a socket and plug. The socket member is formed with two electric terminal contacts insulated from each other. The plug has a pair of contacts adapted to engage the socket terminal contacts and has an incandescing body which is exposed when the plug is removed from the socket. The socket contains a spring which operates to normally keep one of the plug contacts out of engagement with the corresponding socket terminal contact. By pressure the plug and socket contacts are brought into engagement, the incandescing device becomes incandescent; the plug may then be removed and a cigar or cigaret be lighted by contact with the incandescing body. The new thing in the invention is the spring which holds the contacts out of engagement until it is desired to use the device when by pressure the two contacts may be brought together. Does the use of the spring show invention? I am inclined to the opinion that it does not.

Plaintiff's bill should be dismissed for want of equity.