## MARIN v. KNOPF et al.

District Court, S. D. New York.

Oct. 2, 1940.

Sylvester & Harris, of New York City, for plaintiff.

Stern & Reubens, of New York City, for defendants Alfred A. Knopf and Alfred A. Knopf, Inc.

HULBERT, District Judge.

In the New York State courts a bill of particulars cannot be secured before answer. An order may be sought by motion to make the complaint more definite and certain, or its sufficiency may be attacked. In the latter event, if the contentions of the moving party are sustained, the court would undoubtedly allow the plaintiff to amend over. Much time is thus lost.

In this court an application for a bill of particulars is the equivalent of a motion to make more definite and certain. A bill of particulars· is an amplification of the complaint. Its primary purpose is to better enable the moving party to prepare and serve the responsive pleading. A bill cannot be obtained after issue joined, but either party may secure further particulars by examination of witnesses, as well as parties, upon any matter relevant to the issue and not privileged.

The real purpose of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, is to eliminate technicalities, delays and expense and secure prompt and effective adjudication on the merits when a cause of action is set forth.

"Relevant" laws of Mexico means laws that are applicable; that is, existing at the time that the alleged cause of action arose. The objection that they are insufficiently pleaded will be cured by the service of a bill of particulars which the plaintiff has agreed to do and the motion as to items (1) and (2) to strike will be denied. Settle order on notice.