**FLEMING, Adm'r of Wage and Hour Division, Department of Labor, v. SOUTHERN KRAFT CORPORATION.**

District Court, S. D. New York.
Nov. 5, 1940.

Gerard D. Reilly, Sol., Irving J. Levy, Asst. Sol., and John J. Babe, of U. S. Dept. of Labor, all of Washington, D. C., for plaintiff.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City (Porter R. Chandler and William B. Hubbell, both of New York City, of counsel), for defendant.

LEIBELL, District Judge.

Defendant, Southern Kraft Corporation, moves under Rule 12(e), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for an order requiring the plaintiff to furnish a more definite statement, or in the alternative a bill of particulars of certain matters alleged in the complaint, which it is claimed are not stated with sufficient definiteness or particularity to enable the defendant properly to prepare its responsive pleading or to prepare for trial.

Plaintiff, as Administrator of the Fair Labor Standards Act of 1938 (otherwise known as the Wage and Hour Act) has instituted this action against the defendant, charging that the defendant has violated Section 15(a) (1) of the Act, 29 U.S.C.A. § 215(a), and requesting that defendant be enjoined from any further violation of said section.

Section 15(a) (1) reads, in pertinent part, as follows:

"* * * it shall be unlawful for any person—

"(1) to transport, offer for transportation, ship, deliver, or sell in commerce, or to ship, deliver, or sell with knowledge that shipment or delivery or sale thereof

in commerce is intended, any goods in the production of which any employee was employed in violation of section 6 [206] or section 7 [207], or in violation of any regulation or order of the Administrator issued under section 14 [214]; * * *."

Section 6 prescribes the minimum wage to be paid employees during certain stated years. Thus for the year following the effective date of the Act, October 24, 1938, the minimum wage is 25 cents an hour. For the following six years the minimum wage is set at 30 cents an hour.

Section 7(a) fixes the maximum hours permitted in an employee's work week. It is unlawful for an employer to work an employee more than 44 hours per week during the first year following the effective date of the Act, October 24, 1938, or more than 42 hours per week during the second year, or more than 40 hours per week during the third and subsequent years, unless the employee receives compensation for overtime at a rate not less than one and one-half times the regular rate at which he is employed.

The complaint herein alleges that the defendant is now engaged in the operation of certain mills at which it manufactures pulp, kraft paper and various other paper products for sale and distribution in interstate commerce; that the defendant has purchased and is purchasing pulp wood for its mills from certain contractors and producers, who, to the knowledge of the defendant, have employed persons engaged in the production of pulp wood for interstate commerce at less than the minimum wages prescribed by Section 6, and in addition have failed to pay said persons the overtime compensation required by Section 7 of the Act. It is alleged that the pulp wood is cut from lands and stumpage rights owned by the defendant, the said contractors and said producers. It is also alleged that much of the pulp wood purchased by the defendant has been shipped into other states to be processed at defendant's mills, and that goods manufactured from that pulp wood at defendant's mills are produced for and shipped in interstate commerce, in violation of Section 15(a) (1) of the Act.

Defendant by this motion asks that plaintiff be required to set forth; (1) the names of the several contractors and producers of pulp wood who are alleged to have violated the statute, Section 6(a); (2) the names of the several employees engaged in the production of pulp wood, and in processes and occupations necessary to the production thereof who are alleged to have received less than the prescribed wages; (3) the weekly period during which it is claimed these employees were thus underpaid; and (4) the exact wages which are claimed to have been paid to each of such employees during each such period. Similar requests are made in respect to employees alleged to have been thus employed for work weeks beyond the maximum hours fixed by Section 7(a) of the statute.

Rule 12(e), F.R.C.P. provides that a defendant may move for "a more definite statement or for a bill of particulars of any matter which is not averred with sufficient definiteness or particularity to enable him properly to prepare his responsive pleading or to prepare for trial. The motion shall point out the defects complained of and the details desired".

The plaintiff contends that the particulars sought by defendant are not necessary for the defendant to prepare its answer or to prepare for trial. Plaintiff asserts that many of the particulars sought are within the knowledge of the defendant and further that it would be too burdensome for plaintiff to furnish all the particulars sought and would result in a long delay.

■ The complaint charges that it is the contractors and producers, from whom defendant purchased pulp wood, who have violated the Act by paying sub-standard wages. The defendant does not possess the records regarding the hours and wages of the "many" employees of these third parties. True, the complaint charges defendant had knowledge of all the alleged violations of the statute by the contractors and producers; but that allegation is not sufficient reason for denying the motion, if the fact is otherwise. I am of the opinion that the defendant cannot properly prepare its responsive pleading or its defense unless it is furnished the following particulars:

(1) The names of the contractors and producers who allegedly violated the statute as to either wages or hours or both, and during what dated weeks;

(2) As to each such week: (a) in approximately how many instances was the statute thus violated by each specified contractor or producer; (b) with respect to which class or category of labor the alleged

violations occurred; (c) whether the violations were as to wages or hours or both; and (d) the approximate number of employees and the approximate total of the minimum wages not paid for the said several workweeks for each class or category of employees of the specified contractors or producers of pulp wood.

In granting the requests of defendant to the extent indicated in the above paragraphs (1) and (2), plaintiff will not be required to set forth its evidence. It may be assumed that the plaintiff has the information at hand or else this suit would not have been instituted. Whether or not the information which the plaintiff does possess is enough to impose civil liability on the defendant is a question to be decided at the trial.

■ I have not required, at this time, that plaintiff furnish the names of the employees who allegedly were employed by contractors and producers and were not paid at least the wage rate prescribed by the statute. To do so, according to plaintiff's counsel, would require the preparation of several hundred pages of schedules, listing about 15,000 names. But the proof at the trial will have to be specific. I direct the attention of counsel to Rule ·16, F.R. C.P. entitled "Pre-Trial Procedure; Formulating Issues." The pre-trial judge will undoubtedly seek to simplify the issues and to obtain "admissions of fact and of documents which will avoid unnecessary proof". The specific instances of alleged violation of the statute may then be required for that purpose, through an order for a further bill of particulars. The true situation will then be properly before the pre-trial judge for consideration under the general provision of subdivision (6) of Rule 16, which embraces "Such other matters as may aid in the disposition of the action". Meanwhile issue can be joined and the case put on the calendar by the service of defendant's answer within thirty days after the bill of particulars, now ordered, is served.

Plaintiff argues that defendant's proper remedy is to seek this information through interrogatories under Rule 33 of the F.R. C.P. Defendant may have recourse to interrogatories to obtain the further information it seeks, which is not included in the particulars which I have hereinabove indicated as proper. This bill of particulars, when furnished, will amplify and give definiteness to the complaint, and under Rule 12(e) it will become "a part of the pleading which it supplements".

■ Because the information sought by a defendant in a bill of particulars can also be obtained by interrogatories, is no valid reason for denying a defendant's motion, if the particulars sought are properly within the purposes of Rule 12(e), F.R.C.P. United States of America v. Griffith Amusement Co., 1 F.R.D. 229, decided April 4, 1940, D.C. for W.D. of Oklahoma.

■ Rule 33, which deals with interrogatories, does not have as its object the amplification of the pleading. A bill of particulars does. The scope of interrogatories is as broad as that of the deposition of a party, and is fixed by the same standard—that the interrogatories shall be "relevant to the subject matter involved in the pending action". Rule 26(b), F.R.C.P.; Chandler v. Cutler-Hammer, Inc., D.C., 31 F.Supp. 453; Dunleer Co. v. Minter Homes Corp., D.C., 33 F.Supp. 242.

Interpretative Bulletin No. 1, prepared by the General Counsel of the Wage and Hour Division of the Department of Labor and issued September 22, 1938, contains the following explanatory statement: "It is noted that the coverage as described in Sections 6 and 7 does not deal in a blanket way, with industries as a whole. Thus, in Section 6, it is provided that every employer shall pay the statutory minimum wage to 'each of his employees who is engaged in commerce or in the production of goods for commerce.' It thus becomes an individual matter as to the nature of the employment of the particular employee. Some employers in a given industry may not be subject to the Act at all; other employers in the industry may be subject to the Act in respect to some of their employees and not others; still other employers in the industry may be subject to the Act in respect to all their employees, except those specifically exempted by the later provisions of Section 13(a)."

■ The above quoted statement serves to show that particulars of the allegations of the complaint are necessary to enable the defendant "properly to prepare his responsive pleading and to prepare for trial". In its responsive pleading, defendant may have special defenses to plead; in preparing for trial, defendant is entitled to have the issues defined, clarified and limited

by the pleadings, including the bill of particulars. I am of the opinion that the clauses "to prepare his responsive pleading" and "to prepare for trial" in Rule 12 (c) do not mean one and the same thing, although a proper responsive pleading is one of the first and most important steps in the preparation for trial, as every trial lawyer knows.

Plaintiff has cited certain cases in which the Courts have denied a defendant's motion for a bill of particulars, similar to the one requested herein. One such case is Jacobs, Administrator, v. Peavy-Wilson Lumber Co., D.C., 33 F.Supp. 206, 212. In that case Judge Porterie denied defendant's motion because "the information sought by defendant is peculiarly within defendant's knowledge." He wrote: "Its officers, agents and representatives know all of the facts relative to the wages paid to persons in its employ. It has its own books and records to give the information. The defendant could hardly be surprised at trial."

But in the case at bar the employees alleged to have been underpaid are not the employees of the defendant, but the employees of certain "contractors and producers" of pulp wood. The information sought by the defendant through a bill of particulars is not "peculiarly within the defendant's knowledge." In Fleming v. Swift & Co., not yet decided on the merits, the Court denied defendant's motion for a bill of particulars, but again the alleged underpaid employees were the employees of the defendant. The following are cases in which the courts have ordered bills of particulars, similar to that requested in the case at bar: Fleming, Administrator, v. Enterprise Box Co., D.C., S.D. Fla.Tampa Div., 36 F.Supp. 606, decided August 8, 1940; Fleming, Administrator, v. Cleveland Union Terminals Co. Inc., D.C., N.D. Ohio, E. Div., decided August 6, 1940[1]; and United States v. Van Wagenen-Sager, Inc., et al., D.C., N.D. of N.Y., 34 F.Supp. 735, decided August 27, 1940.

Defendant's motion for a bill of particulars is granted to the extent indicated in this opinion; and without prejudice, of course, to the rights of the defendant to seek a further bill of particulars at the pre-trial hearing and without prejudice, further, to defendant's right to seek all proper information by way of interrogatories, depositions and discovery, of any matter "relevant to the subject matter involved in the pending action", under the appropriate Federal Rules of Civil Procedure.

Submit order, on notice, in accordance with this opinion.

---

[1] No opinion, but see 36 F.Supp. 781.