## FLEMMING v. STILLMAN et al.
### No. 101.

District Court, M. D. Tennessee,
Nashville Division.

Feb. 26, 1941.

Irving J. Levy, Asst. Gen. Counsel, of Washington, D. C., and Jeter S. Ray, James H. Hynes and Charles H. Livingood, Jr., all of Nashville, Tenn., for Phillip B. Flemming, administrator.

Cecil Sims (of Bass, Berry & Sims), and Elkin Garfinkle, both of Nashville, Tenn., for defendants.

DAVIES, District Judge.

This matter is before the Court on motion for more definite statement of facts and for a bill of particulars. It appears that it is alleged in the original complaint

---

[1] No opinion, but see 36 F.Supp. 781.

that the defendants at the times mentioned in said complaint have employed, and are now employing, approximately twenty-eight employees in and about their establishment in Nashville, Tennessee. It is alleged that defendants paid to many of these employees, wages at rates less than twenty-five cents an hour for their employment in interstate commerce and in the production of goods for interstate commerce, and have paid to many employees wages at rates less than thirty cents an hour for their employment in interstate commerce, and in the production of goods for interstate commerce, and that certain employees engaged in interstate commerce and in the production of goods for interstate commerce were employed for work weeks longer than forty-two hours, and not compensated for employment in excess of forty-two hours in said work week, at rates not less than one and one-half times the regular rate at which they were employed; and other similar allegations relative to employment and compensation for hours and wages less than provided by the terms of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., continuously from the effective date of the Act through October 23, 1939.

All of the allegations in this respect are in the form of conclusions, and nowhere is there any specific allegation of fact charging the defendants with a violation of the terms and provisions of said Act as to any particular employee. It is assumed, of course, that the plaintiff is in possession of facts supporting the conclusions charged in the complaint, and necessarily were so informed before the filing of the suit; yet the charges of misconduct on the part of the defendants cover stated periods of time, but do not recite any specific instances upon which to base the charges. The Court is unable to see where any prejudice would result to the plaintiff in requiring allegations in this respect to be made with more particularity, and it seems that the defendants should be advised at least with some particular instances of misconduct charged in these matters so that they may prepare to respond and defend the suit. Fleming, etc., v. Southern Kraft Corporation, 37 F.Supp. 232, decided by United States District Court for the Southern District of New York, November 5, 1940; Fleming, etc., v. Cleveland Union Terminals Company, 36 F.Supp. 781, decided by the United States District Court for the Northern District of Ohio, November 7, 1940.

It appears therefore that the motion in question is proper and should be granted in part, and it is ordered that the several requests made by said defendants in their motion are hereby either granted or denied, as hereinafter indicated. I—granted; II—granted, except as to the amounts claimed due said employees; III—granted, except as to amounts claimed due said employees; IV—denied; V—granted; VI—granted; VII—denied.