**BOWLES, Price Administrator, v. JACOBSON et al.**

**Civil Action No. 4413.**

District Court, W. D. Pennsylvania.
Aug. 21, 1945.

---

[1] Power Transmission Co. v. Neuland, D.C.N.J., 58 F.Supp. 747.

448

John A. Metz, Jr., Dist. Enforcement Atty., and Samuel M. Chertoff, Chief Food Enforcement Atty. Pittsburgh District Office, O.P.A., both of Pittsburgh, Pa., for plaintiff.

Daniel Krause, of Pittsburgh, Pa., for defendants.

GIBSON, District Judge.

Chester Bowles, Price Administrator, has filed a complaint against the defendants, wherein he charges them, as "purchasers of live cattle did pay for live cattle bought, received or slaughtered by defendants during the said accounting period (April 1, 1945 to April 30, 1945) an amount in excess of the maximum price fixed by said Regulation (No. 574, Live Bovine Animals)." The complainant demanded "A permanent injunction, and injunction pendente lite, and a temporary restraining order, enjoining and restraining the defendants" from further violations of the Regulation.

The complaint in general language charges a violation of the Regulation and fails to specify the date or dates of the violations alleged. The defendants have moved for a bill of particulars asking that complainant specify the date or dates of the violations and the amount of the overpayments. The instant matter differs but slightly from the ordinary O.P.A. complaints, practically all of which charge violations in general language without specifications.

At the hearing of defendants' motion counsel for the complainant produced a "Claim for cattle slaughter payments under Revised Regulation No. 3 of Defense Supplies Corporation" filed by the defendants. By it the cost of the cattle slaughtered, including transportation, was alleged to be $13,856.16, the cost of transportation being $152.41. In another part of the paper, under the heading "Maximum Permissible Payment," the amount alleged was $13,479.-99. Therefore the claim filed seems to indicate that $223.76 had been paid in excess of the maximum permissible payment. In the absence of explanation, this claim filed may be an admission of a general overpayment of $223.76, but it does not fix the times of the overcharge or overcharges. It could be, or should be, easy for the plaintiff to set forth the specific date or dates, as it will be required to do upon trial. The court will order a bill of particulars as prayed.