**BOWLES, Price Administrator, v. DEEP VEIN CONNELLSVILLE COKE CO., BRIER HILL, PA.**

Civil Action No. 4488.

District Court, W. D. Pennsylvania.

Jan. 31, 1946.

Thomas F. Garrahan, of Pittsburgh, Pa., for plaintiff.

W. Brown Higbee and E. D. Brown, both of Uniontown, for defendant.

GOURLEY, District Judge.

This is a civil action under the Emergency Price Control Act of 1942, Section 4 (a), as amended, 56 Stat. 23, 765, 57 Stat. 566, Public Law, 383, 78th Cong., 58 Stat. 632, 50 U.S.C.A.Appendix, §§ 901 et seq., 904(a); Executive Order 9250, 50 U.S.C.A.Appendix, § 901 note, 7 F.R. 7871; Executive Order 9328, 50 U.S.C.A. Appendix, § 901 note, 8 F.R. 4681, by Chester Bowles, Price Administrator of the Office of Price Administration, the plaintiff, against Deep Vein Connellsville Coke Company, Brier Hill, Pennsylvania, defendant.

It is averred that the defendant has violated Maximum Price Regulation No. 77, as amended (8 F.R. 6787 et seq.), and to enjoin the defendant from violating the provisions of Maximum Price Regulation No. 77 in accordance with the provisions of Section 2 of the Act, and pursuant to Section 205 (a) of the Act, and to furthermore enforce compliance with Section 4(a) of the Act, the complainant demanded that:

1. A preliminary and final injunction, directed to the defendant, its officers, agents, servants and employees and all other persons in active concert or participation with any of them, jointly and severally:

A. Restraining them from selling or delivering or offering to sell or deliver reclaimed beehive oven coke at prices in excess of the maximum prices therefor established by the provisions of Article II of Regulation 77, as amended.

B. Restraining them from doing or omitting to do, anything in violation of any provisions of Regulation 77, as now or hereafter amended, or in violation of any regulation or order issued pursuant to the Emergency Price Control Act of 1942, as amended, establishing maximum prices for the sale or delivery of reclaimed beehive oven coke.

C. Granting such other and further relief as to the Court may seem just and proper.

2. Judgment in behalf of the United States against the defendant for three times the amount of the overcharges on the sales referred to in Count Two, being the amount by which the prices or considerations for such sales are proved in this action to have exceeded the applicable maximum prices, in the sum of not less than $9350.55.

The defendant within the period of time provided under the Federal Rules of Civil Procedure, rule 12 (e), 28 U.S.C.A. following section 723c, filed a motion for a Bill of Particulars, and alleged certain difficulties in the complaint and avers that the allegations set forth therein are general in nature and more particularly defective as follows:

"1.—The complaint is defective in that it does not set forth the authorized price schedule for the coke involved; the prices at which the defendant sold; the times at which such sales were made; the persons to whom such sales were made; and how the sum of $3,116.85 covering said excess prices is made up.

"2.—Count 1 of the Bill of Complaint does not allege to whom any sales have been made in excess of ceiling prices; what the schedule of ceiling prices may have been; what the sales in excess thereof may have been; the person or persons to whom such sales were made; and times thereof.

"3.—Count 2 of the Bill of Complaint does not allege or set forth the schedule of ceiling prices alleged to be applicable; the sales in excess of ceiling prices alleged to have been made by the defendant; the amounts thereof; the persons to whom they were made; nor the times when they were alleged to have been made.

"4.—Defendant is unable to properly prepare an answer to either count of said Bill of Complaint without knowing the above facts, all of which are in the exclusive possession of the plaintiff.

"5.—Any schedule of ceiling prices covering coke involved is in the exclusive possession of the plaintiff, and plaintiff has not supplied defendant with any schedule of ceiling prices promulgated by Regulation 77, upon which said bill is based."

It appears that the Complaint, more particularly Paragraph 7, avers that the maximum price for beehive oven coke, other than beehive furnace coke in the district that is involved in this proceeding, should be based or determined under Paragraphs (a) (1) and (2) of Section 9, or under the provisions of Section 9 (a) (3) of the seller's most closely competitive producer or distributor in the same locality.

In Paragraph 8 of the Complaint, it is averred that during the period from January 8, 1945, to and including April 27, 1945, the defendant offered for sale, sold, and delivered beehive oven coke at prices higher than those established for such commodity by the provisions of Section 9 (a) (3) of Regulation 77.

It was contended by the defendant at the time of the argument on the motion of the defendant that the Plaintiff should set forth the authorized price schedule of the defendant's most closely competitive producer or distributor in the same locality where the defendant conducted its business in order that the defendant should be able to admit or deny whether or not it sold said commodity at a price higher than the established price of its most closely competitive producer.

The defendant further contends that Paragraph 8 of the Complaint does not set forth the times, prices or persons to whom said sales were made in excess of the Maximum Price Regulation during the period from January 8, 1945 to and including April 27, 1945, and, as a result of said

general allegation of fact the defendant is unable to answer whether or not a violation was allowed to occur on the part of the defendant. It is the further contention of the defendant that Paragraph 15 of the complaint is indefinite in its expression due to the fact that the complainant avers that upon information and belief the defendant is indebted to the complainant in an amount not less than $3116.85, nor is the basis set forth for the computation of said amount or as to how the overcharge or excess price has been computed.

■ Since the complainant requests both injunctive relief and money damages against the defendant in three times of the amount of the overcharge which it is alleged that the defendant made, it is believed that the complainant should set forth with definite exactness the act or acts which it is claimed that the defendant has violated in order that it will be possible for the defendant to admit or deny the truth or falsity of the acts complained of.

If a permanent injunction is granted against the defendant, it must be favorably considered because of specific acts and misconduct on the part of the defendant as far as the violation of the price regulation is concerned, and, therefore, specific acts must be alleged as the basis upon which the relief will be granted. 28 U.S.C.A. § 383; Flemming, Administrator, Wage and Hour Division, U. S. Department of Labor, v. Dierks Lumber and Coal Co., D.C., 39 F.Supp. 237.

■■ It is well settled that the granting or a refusal of a motion for a Bill of Particulars rests in the sound discretion of the court, and that all pleadings should be so construed as to do substantial justice. Federal Rules of Civil Procedure, rule 12 (e), 28 U.S.C.A., following section 723c; Federal Rules of Civil Procedure, Rule 8 (f).

■ The function of a Bill of Particulars is to enable the defendant to answer and prepare his defense without needless expenses; to aid the court in an orderly and expeditious disposition of the case; to clear up ambiguities, uncertainties and indefiniteness in the complaint; to prevent surprises, and to limit the issues. Cyclopedia of Federal Procedure, 2nd Edition, Vol. 5, Section 1724.

■ It is apparent that a speedy, just and inexpensive trial cannot be had merely by filing a notice of claim, and then resorting to an indefinite and expensive procedure of discovery and depositions. Although the information sought by the defendant in the Bill of Particulars can also be obtained by interrogatories, there is no valid reason for denying defendant's motion if the particulars sought are properly within the purpose of Civil Procedure Rules. Federal Rules of Civil Procedure, Rule 12 (e), 28 U.S.C.A. following section 723c; Flemming, Administrator of Wage and Hour Division, Department of Labor, v. The Southern Kraft Corporation, D.C. 37 F.Supp., 232.

■ It is, therefore, the opinion of the Court if the complainant would set forth the maximum price schedule provided by Section 9 (a) (3) of Regulation 77, of the defendant's most closely competitive producer or distributor, the defendant would then be in a position to admit or deny whether or not any sales have been made in excess of the Maximum Price Regulation provided by law. It is also believed that the complainant should set forth the names of the persons, the times, and the prices charged during the period from January 8, 1945, to and including April 27, 1945, in which it is claimed that the defendant violated the Maximum Price Regulations. If these facts are set forth, it would certainly make more definite and certain the violations which it is claimed the defendant failed or neglected to comply with the provisions of law.

In order that an answer can be properly filed, it further appears that the defendant is entitled to be informed as to the basis for the computation of the amount of the claim which has been filed, and the allegations of fact set forth in Paragraph 15 of the Complaint are so general in nature that it is impossible for the defendant to be informed as to whether or not any part of the amount claimed, to wit $3116.85, is properly due and owing by the defendant to the complainant.

It is, therefore, the opinion of this Court that the information requested by the defendant is needed in order to limit the issues to be joined herein, and to enable the defendant to properly prepare its defense, and the motion for a more definite statement or a Bill of Particulars which

is prayed for by the defendant is granted. Bowles, Price Administrator, v. Jacobson et al., D.C., 4 F.R.D. 447. Bowles, Administrator, Office of Price Administration, v. National Erie Corporation, D.C., 3 F.R.D. 469; Flemming v. Stillman et al., D.C., 37 F.Supp. 236, 237; Louisiana Farmers' Protective Union, Inc., v. Great Atlantic & Pacific Tea Co. of America, Inc., et al., D.C., 31 F.Supp. 483; Fischback v. Solvay Process Co., and Gasco Products Corporation v. Sinko Tool & Mfg. Co., D.C., 29 F.Supp. 583; and Cyclopedia of Federal Procedure 2nd Edition, Volume 5, Section 1724.