**BOWLES, Price Administrator, v. JOHN F. CASEY CO.**

Civil Action No. 4971.

District Court, W. D. Pennsylvania.

Jan. 31, 1946.

Thomas F. Garrahan, of Pittsburgh, Pa., for plaintiff.

McCloskey, Best & Leslie, of Pittsburgh, Pa., for defendant.

GOURLEY, District Judge.

This is a civil action under the Emergency Price Control Act of 1942, Section 4(a), as amended, 56 Stat. 23, 765, 57 Stat. 566, Public Law 383, 78th Cong., 58 Stat. 632, Public Law 108, 79th Cong., 59 Stat.

306, 50 U.S.C.A.Appendix, §§ 904(a), 901 et seq.; Executive Order 9250, 50 U.S.C.A. Appendix, § 901 note, 7 F.R. 7871, and Executive Order 9328, 50 U.S.C.A.Appendix, § 901 note, 8 F.R. 4681, by Chester Bowles, Price Administrator of the Office of Price Administration, the plaintiff, against John F. Casey Company, Pittsburgh, Allegheny County, Pennsylvania, defendant.

It is averred that defendant has violated Maximum Price Regulation No. 134, as amended (7 F.R. 3203 et seq.), and to enjoin the defendant from violating the provisions of Maximum Price Regulation No. 134 in accordance with the provisions of Section 2 of the Act, and pursuant to Section 205(a) of the Act, and to furthermore enforce compliance with Section 4(a) of the Act, the complainant demanded that:

1. That the defendant be directed to establish and file their maximum prices for operating and maintenance service on construction or road maintenance equipment leased or furnished for use during the month of December, 1944.

2. That the defendant be restrained from receiving payment for operating and maintenance services on construction or road maintenance equipment leased or furnished for use before establishing a maximum price.

3. That the defendant be restrained from leasing or furnishing for use construction or road maintenance equipment at prices in excess of the maximum prices established by Maximum Price Regulation No. 134.

4. That the defendant be restrained from doing or omitting to do or attempting to do or agreeing to do anything in violation of Maximum Price Regulation No. 134 for the leasing or furnishing for use any construction or road maintenance equipment.

5. That the complainant be granted such other and further relief as to the Court may seem just and proper.

The defendant within the period of time provided under the Federal Rules of Civil Procedure, rule 12(e), 28 U.S.C.A. following section 723c, filed a motion for a Bill of Particulars, and alleged certain difficulties in the complaint and avers that the allegations set forth therein are general in nature and more particularly defective as follows:

"1. Paragraph 8 is defective in that plaintiff should be required to specify each of the instances when defendant is alleged to have charged and to have received payment for operating and maintenance services on leased construction or road maintenance equipment in violation of Regulation 134."

"2. The matters averred in Paragraph 8 are not averred with sufficient definiteness or particularity to enable defendant properly to prepare its responsive pleading or to prepare for trial."

The allegations set forth by the complainant in Paragraph 8 are as follows:

"8. During the month of December, 1944, the defendant violated the aforesaid provisions of Regulation 134 in that it charged and received payment for operating and maintenance services on construction or road maintenance equipment leased or furnished for use to divers customers, without establishing a maximum charge therefor, as required by the aforesaid provisions of Regulation 134."

At the time of hearing, the complainant contended that the information requested by the defendant in its Bill of Particulars was peculiarly within defendant's knowledge and, as a result thereof, the defendant in its answer can make a general denial to the allegations and that, under the circumstances, the request made by the defendant is unnecessary or without merit. The complainant further contends that it has complied with the Federal Rules of Civil Procedure, respecting general rules of pleading in drafting its complaint, and that it should not be met with a motion for a more definite statement or for a Bill of Particulars, Rule 8(a).

It is contended by the defendant that the information requested from the complainant will make more definite and certain the defining of the issues at the time of trial, and will enable the defendant to answer and prepare its defense with exactness and definiteness.

It has been repeatedly held by the Court that an application for a Bill of Particulars is the equivalent of a motion to make more definite and certain. Cyclopedia of Federal Procedure, Second Edition, Volume V, Section 1723, Page 380; Marin v. Knopf, D.C., 1 F.R.D. 436.

The function of a Bill of Particulars is to enable the defendant to answer and prepare his defense without needless expenses; to aid the court in an orderly and expeditious disposition of the case; to

clear up ambiguities, uncertainties and indefiniteness in the complaint; to prevent surprises, and to limit the issues. Cyclopedia of Federal Procedure, 2d Edition, Vol. 5, Section 1724.

It is well settled that the granting or a refusal of a motion for a Bill of Particulars rests in the sound discretion of the court, and that all pleadings should be so construed as to do substantial justice. Federal Rules of Civil Procedure, rule 12(e), 28 U.S.C.A. following section 723c; Federal Rules of Civil Procedure, Rule 8(f).

It is apparent that a speedy, just and inexpensive trial cannot be had merely by filing a notice of claim, and then resorting to an indefinite and expensive procedure of discovery and depositions. Although the information sought by the defendant in the Bill of Particulars can also be obtained by interrogatories, there is no valid reason for denying defendant's motion if the particulars sought are properly within the purpose of Civil Procedure Rules. Federal Rules of Civil Procedure, Rule 12(e), 28 U.S.C.A. following section 723c; Fleming, Administrator of Wage and Hour Division, Department of Labor, v. Southern Kraft Corporation, D.C., 37 F.Supp. 232.

Although the knowledge requested by the defendant is purely within the defendant's knowledge, the complainant, under its broad inquisitorial powers, has the power and the authority to obtain any information which might be required.

The complainant also asks for a permanent injunction in which the defendant would be directed or enjoined from doing or failing to do certain acts or things which are provided for by the Emergency Price Control Act. If such relief is granted, it must be granted because of specific acts and, therefore, specific acts must be alleged as the basis upon which the relief will be granted. 28 U.S.C.A. § 383; Fleming, Administrator, Wage and Hour Division, U. S. Department of Labor, v. Dierks Lumber & Coal Company, D.C., 39 F.Supp. 237.

It is, therefore, the opinion of this Court that if the complainant would set forth the instances during the month of December, 1944, when the defendant charged and received payment for operating and maintenance services on construction or road maintenance equipment which might have been leased or furnished for use to customers of the defendant without establishing a maximum charge as required by the provisions of Regulation No. 134, it would certainly make more definite and certain the violations and circumstances in connection with which it is claimed the defendant failed or neglected to comply with the provisions of law. The allegations set forth in Paragraph 8 are general in expression and the issues to be joined would be definitely defined if the information requested by the defendant is made available by the complainant.

It is, therefore, the opinion of this Court that the information requested by the defendant is needed in order to limit the issues to be joined herein, and to enable the defendant to properly prepare its defense, and the motion for a more definite statement or a Bill of Particulars which is prayed for by the defendant is granted. Bowles, Price Administrator, v. Jacobson et al., D.C., 4 F.R.D. 447; Bowles, Administrator, Office of Price Administration, v. National Erie Corporation, D.C., 3 F.R.D. 469; Fleming v. Stillman et al., D.C., 37 F.Supp. 236, 237; Louisiana Farmers' Protective Union, Inc., v. Great Atlantic & Pacific Tea Co. of America, Inc., et al., D.C., 31 F.Supp. 483; Fischback v. Solvay Process Co. and Casco Products Corporation v. Sinko Tool & Mfg. Co., D.C., 29 F.Supp. 583; and Cyclopedia of Federal Procedure, 2d Edition, Volume 5, Section 1724.

An appropriate order will be filed by the Court with this opinion.