## WINSLOW et al. v. NATIONAL ELECTRIC PRODUCTS CORPORATION.
### Civ. A. No. 4927.

District Court, W. D. Pennsylvania.
Feb. 1, 1946.

Kountz, Fry, Staley & Meyer, of Pittsburgh, Pa., for plaintiffs.

James M. Houston and Reed, Smith Shaw & McClay, all of Pittsburgh, Pa., for defendant.

GOURLEY, District Judge.

This is an action by Harry F. Winslow et al. in which thirty-eight separate plaintiffs have joined against the National Electric Products Corporation, for overtime compensation, liquidated damages, etc., under the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 216(b), 201 et seq.

The defendant filed an answer to said complaint and subsequent to the filing thereof, the plaintiffs filed a motion for a Bill of Particulars under the provisions of Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and claim that the allegations of fact set forth in the Answer have not been averred with sufficient definiteness and particularity to enable the plaintiffs to properly prepare for trial.

Said motion has been duly argued before the Court, and briefs filed by the parties to said proceeding, with full consideration being given by the Court to the matters presented at the time of oral argument and the matters set forth and presented in the briefs filed by the counsel for the parties in said proceeding.

The plaintiffs in their motion for a Bill of Particulars aver as follows:

"1. Paragraph 1 of answer. This is vague, because it gives plaintiffs no warn-

ing as to whether a question of venue is going to be raised, or with regard to which particular plaintiff such question would be raised. There should be an additional averment so as to show the defendant's intention to admit or deny with regard to each named plaintiff.

"2. Paragraph 3 of answer. This is vague, because it does not admit or deny the employment of the named plaintiffs, or any of them; thus the defendant is given no warning in that regard; and, also, the paragraph is vague and insufficient, because it neither affirms nor denies that any one of the named plaintiffs has been employed by the defendant in Interstate Commerce. There should be an additional averment so as to show the defendant's intention to admit or deny with regard to each named plaintiff.

"3. Paragraph 5 of answer. This paragraph altogether is vague, indefinite and insufficient; it is impossible, from reading it, to learn whether the defendant intends to affirm or deny the averments in the paragraph of the complaint as to any named plaintiff.

"4. Paragraph 5 of answer. This paragraph of the answer, obviously, is vague, indefinite and insufficient, also, by reason of its last sentence; it gives no warning with regard to the defendant's intention to affirm or deny, the averments, or any of them in paragraph VII and VIII of the complaint; the said sentence is too general, and it is necessary for the defendant specifically to answer the averments in said paragraphs VIII and IX of the complaint."

The defendant in its brief avers as follows:

1. The defendant avers that the motion for a Bill of Particulars is vague and indefinite, and fails to state with clarity or particularity the respects in which the answer is claimed to be so indefinite as to make it impossible for plaintiffs to prepare for trial.

2. That the allegations of the complaint are so broad and general that it is difficult to frame any answer which does not partake of the same quality in this respect as the complaint itself.

3. That the plaintiffs are attempting to inject into the Federal Rules of Civil Procedure the requirements of the Pennsylvania Practice Act, 12 P.S. § 382 et seq.

4. That the plaintiffs are seeking to use Rule 12(e) in a manner and for a purpose for which it was never intended. That the plaintiffs' motion was filed for the purpose of seeking discovery of the defendant's employment records as they would pertain to the plaintiffs' employment.

In the first instance, it is well settled that the function of a Bill of Particulars is to clear up ambiguities, uncertainties and indefiniteness in pleading; to prevent surprises, limit the issues to be tried and aid the Court in an orderly and expeditious disposition of the case. It has also been repeatedly held that an application for a Bill of Particulars is the equivalent of a motion to make more definite and certain. Cyclopedia of Federal Procedure, 2d Ed., Volume V, Section 1723, Page 380; Marin v. Knopf, D.C., 1 F.R.D. 436.

In order to do substantial justice to all parties concerned, the Court realizes that the granting or a refusal of a motion for a Bill of Particulars rests in the sound discretion of the Court. Federal Rules of Civil Procedure, Rule 12(e), 28 U.S.C.A. following Section 723c; Federal Rules of Civil Procedure, Rule 8(f).

The Court will, therefore, consider the first objection made by the defendant to the motion for a Bill of Particulars, in which it is claimed that the complaint which has been filed is vague and indefinite, and fails to state with clarity or particularity the respects in which the answer is claimed to be so indefinite as to make it impossible for plaintiffs to prepare for trial.

If the defendant believes that the allegations of fact set forth by the plaintiffs did not comply with Rule 8(a) of the Federal Rules of Civil Procedure, authority existed under the provisions of Rule 12(e) of the Federal Rules of Civil Procedure to file a motion for a more definite statement or for a Bill of Particulars.

For reasons which are purely personal to the defendant, election has been made to not file such a proceeding and it is, therefore, the duty of the Court to consider in the first instance whether the plaintiffs have complied with the provisions of Rule 8(a) of the Federal Rules of Civil Procedure.

The plaintiffs filed their action by virtue of Section 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216 (b).

Although the individual plaintiffs in this proceeding had the right to institute

separate suits at law for the matters complained of; it was certainly the intention of Congress to authorize the joinder of said actions into one proceeding to prevent the necessity of separate actions where the questions of law and facts are the same and to, therefore, avoid the multiplicity of suits.

The defendant contends that since the plaintiffs were general in their allegations, the defendant should not be limited to a greater responsibility than the making of general allegations, or as the defendant says in its brief, "What is sauce for the goose is certainly sauce for the gander."

█ Even assuming that the plaintiffs were general in their allegations of fact, which the Court does not believe exists in this case and would not comply with the provisions of Rule 8(a), I know of no rule of law which holds that two wrongs make a right or that the failure or neglect of one party to comply with the Rules of Civil Procedure justifies or entitles the other party to pursue such action.

The first objection, therefore, made by the defendant to the Plaintiffs' Motion for a Bill of Particulars is refused. Lofther et al. v. First National Bank of Chicago, D.C., 45 F.Supp. 986; Ballard v. Consolidated Steel Corp., Ltd., 61 F.Supp. 996.

█ In addition thereto, it is contended that the allegations of the plaintiffs are broad and general, and in effect, the alleged failure of the plaintiffs to set forth their claim in exactness is a criticism of the plaintiffs' inability to set out the exact hours and exact amounts that would be in controversy. Such a failure cannot be deemed fatal when consideration is given to the probability that the plaintiffs are without definite and exact knowledge of the hours and wages in controversy. Whereas, the defendants undoubtedly have full and complete records bearing on this matter. The first objection, therefore, made by the defendant to the Plaintiffs' Motion for a Bill of Particulars is without merit or justification for the reasons just referred to. Townsend et al. v. Boston & M. R. R., D.C. 35 F.Supp. 938.

The defendant has contended that its second reason for refusing the motion of the plaintiffs for a Bill of Particulars is that the allegations of the complaint are broad and general, and that it is not possible for the defendant to be specific

5 F.R.D.—9

and, as a result thereof, the defendant should be held to no higher standard of particularity in the preparation of its answer. This objection must fall for the reasons set forth in disposing of the first objection made by the defendant and for the following additional reasons.

It is contended that the plaintiffs have set forth their allegations of fact in generalities where they refer to the number of hours, rates of pay and the allegations of fact upon which a right of recovery has been based. Under the Rules of Civil Procedure, any one of the thirty-eight plaintiffs had the right to institute a separate suit at law asking for a money judgment, and I believe it was the intention of Congress by the enactment of Section 16(b) of the Fair Labor Standards Act of 1938 to permit a joinder of such suits by employees similarly situated, thus obviating a multiplicity of suits. Fair Labor Standards Act of 1938, §§ 7(a) and 16(b), 29 U.S.C.A. §§ 207(a) and 216(b); Federal Rules of Civil Procedure, Rule 23(a) (1-3); Lofther et al. v. First National Bank of Chicago, D.C., 45 F.Supp. 986, 988.

The second objection offered by the defendant to the granting of the plaintiffs' motion for a Bill of Particulars is, therefore, refused.

█ The defendant next contends that the plaintiffs are attempting to inject into the Federal Rules of Civil Procedure the Pennsylvania Practice Act.

From the reading of the pleadings, it appears that the plaintiffs filed their cause of action in accordance with the Federal Rules of Civil Procedure, more particularly Rules 8(a) and 23(a), and for reasons personal to the defendant, although it is contended that the allegations of fact set forth by the plaintiffs are general in nature, the defendant elected to not file a motion for a more definite statement or for a Bill of Particulars as provided in Rule 12(e) of the Federal Rules of Civil Procedure. In fact, the defendant contends that its answer has been filed in accordance with Rule 8(b) of the Federal Rules of Civil Procedure and has, therefore, sufficiently set forth in its answer allegations of fact that define the issues for trial.

It is the opinion of the Court that the plaintiffs are not endeavoring to inject into the Federal Rules of Civil Procedure the requirements of the Pennsylvania Practice Act, and that the defendant has failed

to realize that it should treat the allegations of fact set forth in the complaint on the same basis as if thirty-eight separate complaints had been filed against the defendant.

The defendant's third objection to the plaintiff's motion for a Bill of Particulars is, therefore, denied.

The defendant next contends that the plaintiffs are seeking to use Rule 12(e) for the purpose of seeking discovery of the defendant's employment records as they would pertain to the plaintiffs' employment.

The information requested by the plaintiffs is peculiarly within the knowledge of the defendant and since no request has been made by the defendant for a more specific statement or a Bill of Particulars as provided in Rule 12(e), this objection is dismissed as being without merit or just cause for complaint. In addition thereto, the defendant has entered into a stipulation with the plaintiffs in which the defendant has agreed on or before July 1, 1946 to make available for the plaintiffs the wage and hourly records of each of the plaintiffs during the period of time involved in this proceeding.

The fourth reason of the defendant to the plaintiffs' motion for a Bill of Particulars is, therefore, dismissed.

The Court will now consider the plaintiffs' motion for a Bill of Particulars. The first reason for the granting of a motion as presented by the plaintiffs is as follows:

That Paragraph 1 of the answer is vague and indefinite in that the defendant admits that some of the plaintiffs are residents of the Western District of Pennsylvania, and that the allegations of fact set forth in Paragraph 1 of the answer do not comply with Rule 8(b). Rule 8(b) of the Federal Rules of Civil Procedure provides that "A party shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies, * * * or he may generally deny all the averments." Although the Court does not believe that the defendant has sufficiently answered the allegations of fact set forth in the first paragraph of the Bill of Complaint, the defendant in the second paragraph of its answer specifically admits that the Court has jurisdiction of said cause of action.

In addition to the admission of the defendant above referred to, it is the belief of the Court that jurisdiction has been conferred by Section 41(8), 28 U.S.C.A. Judicial Code § 24(8), and by the provisions of Section 16(b) of the Fair Labor Standards Act of 1938; Lofther et al. v. First National Bank of Chicago, D.C., 45 F. Supp. 986.

For the reasons just mentioned, the plaintiffs' request for a Bill of Particulars as to Paragraph 1 of the answer of the defendant is refused.

The plaintiffs next contend that Paragraph 3 of the answer is vague because it does not admit or deny the allegations of fact set forth in Paragraph 5 of the complaint. The answer submitted by the defendant being as follows: "3. Defendant admits that it has employed certain plaintiffs during certain work weeks since October 24, 1938 in the manufacture of articles for interstate commerce. Defendant denies the remaining allegations of Paragraph V of the Complaint."

In connection with the objection which has been made by the plaintiffs, it appears to the Court that the defendant has failed to consider that thirty-eight separate plaintiffs have filed a cause of action in which money damages have been claimed, and it is the belief of the Court that the defendant has failed and neglected to comply with Rule 8(b) of the Federal Rules of Civil Procedure, since the defendant avers that certain plaintiffs did not engage in the manufacture of articles for interstate commerce without stating the plaintiffs referred to.

The same question has been raised by the plaintiffs to the answer of the defendant in which the defendant admits that during certain weeks the compensation of certain plaintiffs was related to the number of hours worked by said plaintiffs.

In the opinion of the Court, the defendant has not complied with Rule 8(b) of the Rules of Civil Procedure for the reasons set forth in disposing of the previous complaint of the plaintiffs to the answer of the defendant.

The plaintiffs next contend that the defendant should specifically answer the remaining allegation of Paragraph 7 and the allegations of Paragraphs 8 and 9 of the complaint.

It is the belief of the Court that the defendant has complied with Rule 8(b) of

the Federal Rules of Civil Procedure in connection with the answer filed to Paragraphs 8 and 9 of the complaint since the defendant in its answer specifically denies all of the allegations of Paragraphs 8 and 9 which amounts to a general denial.

Although there is no need for the defendant to set forth any evidence or to expose its defense in detail, an answer does require, however, a statement of such definite material that the plaintiffs will be informed of the defense they must be prepared to meet. Sweeney v. Buffalo Courier Express, Inc., D.C., 35 F.Supp. 446, 447.

It is, therefore, the opinion of this Court that the defendant should set forth in the third paragraph of its answer to Paragraph 5 of the complaint which of the plaintiffs were employed during certain work weeks since October 24, 1938 in the manufacture of articles for interstate commerce for the reason that the defendant must consider the complaint as if thirty-eight separate legal causes of action had been filed against the defendant. It is further believed that the defendant should set forth in answer to Paragraph 6 of the complaint which of the plaintiffs, during the period referred to in the complaint, were paid hourly rates of pay since the answer of the defendant sets forth that certain plaintiffs were so paid without mentioning the names of the plaintiffs referred to.

It is also believed that the defendant should set forth in its answer to Paragraph 7 of the complaint the names of the complainants, if any, who were employed in the production of goods for interstate commerce in excess of forty-four hours per week during certain work weeks between October 24, 1938 and October 24, 1939; in excess of forty-two hours per week during certain work weeks between October 24, 1939 and October 24, 1940; and in excess of forty hours per week between the period of October 24, 1940 and the date of the institution of this suit, together with the names of the plaintiffs who did not receive one and one-half times their regular rate for the excess hours which were worked over the period provided by law at said time.

If this information is made available, it certainly would make more definite and certain the issues to be joined for the purpose of trial, and to enable the plaintiffs to be informed as to what proof would be required at the time of trial.

The Court realizes that it is the obligation of each plaintiff to establish that he is entitled to the benefits of the Act, and that he has not received them, i.e.:

(a) That the defendant was engaged in the production of materials sold in other states, or engaged in interstate commerce.

(b) That each plaintiff performed work which consisted of the production of goods for interstate commerce.

(c) That while engaged in the performance of work which produced materials used in interstate commerce, said plaintiff has been required to work overtime hours and has been denied his proper overtime pay.

This has been consistently held by our appellate courts: Warren Bradshaw Drilling Co. v. Hall, Agent, 317 U.S. 88, 63 S.Ct. 125, 87 L.Ed. 83; Mt. Clemens Pottery Co. v. Anderson, 6 Cir., 1945, 149 F.2d 461; Toppin v. 12 East 22nd Street Corporation, D.C.S.D.N.Y.1944, 55 F.Supp. 887; Feldman v. Rochelle Bros., Inc., D.C. S.D.N.Y.1942, 49 F.Supp. 247, and Wagner v. American Service Co., D.C.Iowa, 1944, 58 F.Supp. 32.

However, there are thirty-eight separate plaintiffs who have joined in one Bill of Complaint, each of whom may or may not be entitled to a right of recovery against the defendant, and it is, therefore, necessary for the defendant to admit or deny the allegations of fact which pertain to each plaintiff in order that the issues for trial can be made definite.

The motion for a Bill of Particulars is, therefore, granted in accordance with the order to be filed by the Court with this opinion. Bowles, Price Administrator, v. Jacobson et al., D.C., 4 F.R.D. 447; Bowles, Administrator, Office of Price Administration v. National Erie Corporation, D.C., 3 F.R.D., 469; Flemming v. Stillman et al., D.C., 37 F.Supp. 236, 237; Louisiana Farmers' Protective Union, Inc., v. Great Atlantic & Pacific Tea Co. of America, Inc. et al., D.C., 31 F.Supp. 483; Fischback v. Solvay Process Co. (Casco Products Corporation v. Sinko Tool & Mfg. Co.), D.C., 29 F.Supp. 583, and Cyclopedia of Federal Procedure, 2nd Edition, Volume 5, Section 1724.