**BARET et al. v. KOPPERS CO., Inc.**
**Civil Action No. 5486.**

District Court, W. D. Pennsylvania.

Jan. 23, 1947.

A. M. Oliver, of Pittsburgh, Pa., for plaintiffs.

Nicholas Unkovic and Elder W. Marshall, of Reed, Smith, Shaw & McClay, and John M. Crimmins, all of Pittsburgh, Pa., for defendant.

GOURLEY, District Judge.

This is an action by Marcel A. Baret et al., in which seventy-five (75) separate plaintiffs have joined, against Koppers Company, Inc., for over-time compensation, liquidated damages, etc., under the Fair Labor Standards Act of 1938, 29 U.S. C.A. §§ 216(b), 201 et seq.

The relevant parts of the bill of complaint which contains the allegation of fact upon which the plaintiffs base their right of recovery are more particularly Paragraphs 4, 5 and 7, and which are as follows:

"IV. Defendant is engaged in the manufacture and production of goods and products made of raw materials, a substantial part of which is shipped to the defendant's plants and factories from points outside of the State of Pennsylvania. Substantially all of the goods and products manufactured and produced by defendant are for interstate commerce, and have been sold, transported, shipped and delivered in interstate commerce from Pittsburgh to various points outside the State of Pennsylvania."

"V. During the work-weeks beginning October 24, 1938 and ending February 26, 1946, plaintiffs have been employed by defendant in the manufacture and production of various products for interstate commerce."

"VII. During the period above specified, defendant employed plaintiffs in the production of goods for interstate commerce for work-weeks longer than 44 hours per week from October 24, 1938 to October 24, 1939; for work-weeks longer than 42 hours per week from October 24, 1939 until October 24, 1940; for work-weeks longer than 40 hours per week since October 24, 1940 to the end of the said period, to-wit: February 26, 1946, without compensating them for excess hours at a rate not less than 1½ times the regular rate at which they were employed in violation of the provisions of Section 7 of the Act."

The defendant filed a motion for a more definite statement under Federal Rules of Civil Procedure, rule 12(e), 28 U.S.C.A. following section 723c, by which it is asked that the plaintiffs be required to set forth:

"1. An enumeration or description of the various products in the manufacture and production of which the plaintiffs allege they were employed. No means of identifying said products are set forth in the complaint.

"2. A statement or description of the nature of the work alleged to have been performed by the plaintiffs on products manufactured by the defendant for interstate commerce. Such statement should be but is not contained in the complaint.

"3. A statement of the number of hours worked by each of the plaintiffs in each of the weeks between October 24, 1938, and February 26, 1946. None of such particulars is set forth in the complaint."

The question, therefore, before the Court is whether or not the complaint states the facts relied upon as a cause of action sufficiently enough to permit the defendant to properly prepare its responsive pleading.

In connection with the third request set forth in the motion for a more definite statement, it was based on the fact that the defendant desired to be informed as to the amount of the claim of each of the plaintiffs in said action for the period prior to February 26, 1940. This request was made for the reason that it was contended by the defendant that any claim prior to said date would be barred by the applicable statute of limitations in the Commonwealth of Pennsylvania, and that on the basis of the allegations of fact set forth in Paragraph 5 of the complaint, it was not possible to segregate the claims and to subject the cause of action, if any existed, to a motion to dismiss those parts of the claim prior to said date.

■ Counsel representing each of the plaintiffs, who now appear to be a party to the within proceeding or those plaintiffs who may hereafter join in said proceeding, has filed a stipulation in which it is set forth that the claim of each plaintiff now named, or hereafter named, shall be limited to a period of six (6) years immediately preceding the date of the filing of said action, which was February 27, 1946. The question, therefore, as to whether or not the motion for a more specific or definite statement should be granted as it relates to Paragraph 5 of the complaint has become moot and no consideration need be given thereof by the Court.

■ The standards of pleadings required by Federal Rules of Civil Procedure have been made amply clear in Rule 8, 28 U.S.C.A. following section 723c, which provides that "(a) a pleading * * * shall contain * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief ' * * *" and "(e) (1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." These provisions but illustrate the purpose, implicit throughout the new Rules, to require brief, conclusive pleadings. The question, therefore, arises whether measured against the standards of simplicity required by the new Rules, the complaint in the present case clearly states ample facts to constitute a cause of action under the Fair Labor Standards Act, and if enough facts to inform the defendant of the nature of the complaint made against it have been set forth. Fleming v. Wood-Fruitticher Grocery Co., D.C., 37 F.Supp. 947, 949.

■ Furthermore the provisions of the Federal Rules of Civil Procedure have set forth with clearness in Rule 8(b): "A party shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. * * * Denials shall fairly meet the substance of the averments denied. When a pleader intends in good faith to deny only a part or a qualification of an averment, he shall specify so much of it as is true and material and shall deny only the remainder." The function of a motion for a more specific statement to compel the inclusion of further particulars in a complaint is to enable the defendant properly to prepare his responsive pleading and not to challenge the sufficiency of the claim asserted. Abram et al. v. San Joaquin Cotton Oil Co., D.C., 46 F.Supp. 969, 974.

■ The Court fully realizes that orders granting or refusing a motion for a more definite statement rest in the sound discretion of the Court, and the ruling thereon will not be disturbed unless, upon the inspection of the whole record, it appears that refusal has resulted in injustice. Alaska S. S. Co. v. Katzeek, 9 Cir., 16 F.2d 210; Walling, Adm'r v. Fairmont Creamery Co., 8 Cir., 139 F.2d 318; Hummel v. Wells Petroleum Co., 7 Cir., 111 F.2d 883.

■ In this action it is the duty and obligation of each plaintiff to establish that he is entitled to the benefits of the Act, and that he has not received them, i.e.:

(a) That the defendant was engaged in the production of materials sold in other states, or engaged in interstate commerce.

(b) That each plaintiff performed work which consisted of the production of goods for interstate commerce.

(c) That while engaged in the performance of work which produced materials used in interstate commerce, said plaintiff has been required to work overtime hours and has been denied his proper overtime pay.

The defendant claims that part of the business in which it is engaged would be subject to the provisions of the Act, and part of its business is not. As a result thereof, it is argued that each plaintiff should be required to set forth the particular products in the production of which each particular plaintiff was engaged for each of the work-weeks covered by the complaint, and the nature of the work done by each plaintiff during said periods. This is requested for the reason that the defendant contends it is not possible to prepare a responsive pleading and set forth whether any one or all of the plaintiffs are enti-

tled to recovery in the absence of said facts.

To more simply state the proposition, the defendant states that under the general allegations of the complaint, a situation might arise wherein the duties of one of the plaintiffs relative to a certain product are exempt from the Act if performed exclusively for a specified period; whereas, if such duties were inseparably combined with operations concerning another product not exempt from the Act for the identical period, the provisions of the Act may apply to both, exempt and non-exempt employees. There is no question in the mind of the Court but what the records of the defendant company will clearly show in an exact and definite respect the description of the various products in the manufacture and production of which the plaintiffs were employed, and a statement or description of the nature of the work alleged to have been performed by each of the plaintiffs on products manufactured by the defendant for interstate commerce.

On the other hand, experience has shown that an employee of industry does not definitely know and generally does not concern himself with the ultimate disposal of the goods produced or the residence of the customer to whom the goods are to be delivered. As a result thereof, any allegation of fact which would be set forth by each or all of the plaintiffs would not carry the degree of exactness and definiteness which the defendant would be able to set forth in its answer to the allegation of each of the plaintiffs that they were engaged and worked in the production of goods for interstate commerce during the period of time about which complaint is made.

■ The questions of the existence and the validity of the claims asserted, therefore, become factual issues to be determined from evidence and not from the face of the plaintiffs' pleading. Musteen et al. v. Johnson et al., 8 Cir., 133 F.2d 106.

■ There does not appear to be any dispute that it is not necessary that all of the goods produced by each of the plaintiffs shall actually enter interstate commerce, or that their entry into interstate commerce be immediate and direct from the producer. Furthermore the fact that only small part of the business is interstate does not prevent the Act from being applicable. Brookshire et al. v. Whittemore, D.C., 2 F.R.D. 549, 550; United States v. Darby, 312 U.S. 100, 61 S.Ct. 451, 85 L.Ed. 609, 132 A.L.R. 1430.

The Court is aware that the defendant contends that it is engaged in a tremendous varied number of different types of businesses, and that over ninety percent (90%) of its business is working for others and, as a result thereof, it is probable that the defendant during the period of time complained of by the plaintiffs was engaged in new construction for others than the defendant, and as a result thereof, the defendant would be exempt from the provisions of the Fair Labor Standards Act.

■ However, each of the plaintiffs has definitely set forth that he was engaged in the production of goods for interstate commerce, and that he worked in excess of the number of hours provided by the Act for his normal base pay and, as a result thereof, is entitled to the benefits of the Act. Although the individual plaintiffs in this proceeding had the right to institute separate suits for the matters complained of, it was certainly the intention of Congress to authorize the joinder of such actions into one proceeding to prevent the necessity of separate actions and to, therefore, avoid the multiplicity of suits. I believe, therefore, that the sufficiency of the allegations in the complaint should be considered on the same theory as if there were only one plaintiff and to decide whether or not sufficient allegations have been set forth to enable the defendant to prepare a responsive pleading. If there were only one plaintiff in this proceeding, I do not believe that the defendant would experience any difficulty in admitting or denying, in whole or in part, the general allegations that said plaintiff was engaged in the production of goods for interstate commerce, and that during said period that he was so employed, he did not receive the wages as provided by the Act for the period which he worked

470

in excess of the number of hours therein expressed. With this thought in mind, the Court does not believe in passing upon the question now before the Court; whether there is one plaintiff or seventy-five (75) plaintiffs, the same sense of logic and reasoning should be applied.

The defendant has called to the attention of the Court its opinion filed in Winslow et al. v. National Electric Products Corp., 5 F.R.D. 126. In that case the Court did not pass upon the question as to whether or not the allegations in the complaint were sufficient under the Federal Rules of Civil Procedure although it could be drawn by inference that the Court would have considered such a motion if the same would have been filed by the defendant in said proceeding. The Court believes that the facts in the case just referred to can be distinguished in many respects from the facts which exist in the proceeding now before the Court for adjudication.

The Court, therefore, believes that the complaint states a cause of action sufficiently enough to permit the defendant properly to prepare its responsive pleading, and this is all that is required under Rule 12(e) of the Federal Rules of Civil Procedure. It is not necessary to set forth evidentiary facts such as here requested as they are not necessary, in my opinion, to properly make answer, as all of the data requested is fully available to the defendant. No useful purpose would be gained by directing the plaintiffs to set forth the matters requested in the motion for a more definite statement, since the plaintiffs would have no alternative other than to exercise the various provisions of the Federal Rules of Civil Procedure, through discovery, interrogatories, depositions, or subpoena duces tecum. Since the Court believes that the plaintiffs have clearly met the provisions of the Federal Rules of Civil Procedure in connection with the allegations set forth in their complaint, the motion for a more specific statement in each instance is refused. Fleming v. Gitlin Bros. & Rush, Inc., D.C., 1 F.R.D. 608; Walling v. American Steamship Co., D.C., 4 F.R.D. 355; Walling v. Bay State Dredging & Contracting Co., D.C., 3 F.R.D. 241.